IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS GERALD ERICKSON,

       Petitioner,

   v.

RICK COURSEY, Superintendent,
Eastern Oregon Correctional Institution,

       Respondent.

Civil No. 2:12-cv-01466-BR

OPINION AND ORDER

TONIA MORO
19 South Orange Street
Medford, OR  97501

    Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
FREDERICK M. BOSS
Deputy Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

    Attorneys for Respondent

1 - OPINION AND ORDER -

BROWN, Judge.

Petitioner, an inmate at the Eastern Oregon Correctional Institution, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court are the Petition for Writ of Habeas Corpus (#1), Petitioner's Motion for Leave to File Amended Petition (#71), and Petitioner's Motion for Authorization to Issue Subpoena Duces Tecum (#89).

## BACKGROUND

On October 3, 1986, a Deschutes County grand jury indicted Petitioner on five counts of Sodomy in the First Degree, five counts of Sexual Abuse in the First Degree, and one count of Attempted Rape in the First Degree. Resp. Exh. 102. The victim was Petitioner's daughter, and the charges arose from a series of incidents which occurred from October 1986 to April 1992. Resp. Exh. 102.

A jury convicted Petitioner on all eleven counts. Resp. Exh. 101. The trial judge sentenced Petitioner on counts one through five (Sodomy in the First Degree) to a term of 240 months of imprisonment, with a 120-month minimum. *Id.* On counts six through ten (Sexual Abuse in the First Degree), the court sentenced Petitioner to a term of 60 months of imprisonment, with a 30-month minimum, consecutive to the sentence for counts one through five. *Id.* On count eleven (Attempted Rape in the First Degree), Petitioner was sentenced pursuant to sentencing

2 - OPINION AND ORDER -

guidelines to an upward departure term of 90 months of imprisonment. *Id*. Petitioner's current projected release is 2033. *Id*.

Petitioner filed a direct appeal, asserting two claims of error: (1) the trial court erred when it ordered a departure sentence on count eleven; and (2) the trial court erred when it ordered consecutive sentences on counts two, three, four, five, six, seven, eight, nine, and ten. Resp. Exh. 106, p. I). The Oregon Court of Appeals found the sentence plainly erroneous and vacated and remanded for re-sentencing. *State v. Erickson*, 205 Or. App. 555, 134 P.3d 1114 (2006).

The state petitioned the Oregon Supreme Court for review, arguing the Court of Appeals erred in exercising plain error review. Resp. Exh. 109. The Oregon Supreme Court granted review, vacated the decision of the Court of Appeals, and remanded the case to the Court of Appeals for reconsideration in light of *State v. Ramirez*, 343 Or. 505, 173 P.3d 817 (2007), *adh'd to on recons.*, 344 Or. 195, 179 P.3d 673 (2008), and *State v. Fults*, 343 Or. 515, 173 P.3d 822 (2007). *State v. Erickson*, 345 Or. 315, 195 P.3d 62 (2008). On remand, the Oregon Court of Appeals determined that the decision in *Ramirez* directed that they must consider whether there was "legitimate debate" that the jury would have found the departure factors found by the trial court to justify the upward

departure guidelines sentence on count eleven. *State v. Erickson*, 227 Or. App. 299, 301, 206 P.3d 221 (2009). On the record before it, the Court of Appeals determined that there was no legitimate debate that the jury would have found the upward departure factors, and affirmed the conviction and sentence. *Id.* at 303. The Oregon Supreme Court denied further review. *State v. Erickson*, 346 Or. 361, 211 P.3d 930 (2009).

On August 3, 2010, Petitioner filed a *pro se* petition for state post-conviction relief ("PCR"). Resp. Exh. 118. On August 9, 2010, the PCR trial court appointed counsel to represent Petitioner. Resp. Exh. 119. On November 4, 2010, Petitioner filed a *pro se* Notice with the PCR court indicating a disagreement with counsel. Resp. Exh. 120. On November 24, 2010, the PCR judge conducted a hearing, at the conclusion of which he denied Petitioner's request to relieve counsel. Resp. Exh. 127.

On January 26, 2011, Petitioner's PCR counsel filed a notice with the PCR trial court electing to proceed on the *pro se* petition. Resp. Exh. 122. On February 9, 2011, Petitioner submitted a *pro se* Motion to Dismiss Attorney, by which he sought to remove appointed counsel. Resp. Exh. 123. On February 15, 2011, the court rejected Petitioner's motion by letter on the

basis that the court did not accept *pro se* filings from a represented party.[1]  Resp. Exh. 124.

On February 1, 2011, the state moved for summary judgment for failure to comply with the statutory pleading requirements of Or. Rev. Stat. § 138.580 on the basis that petitioner failed to attach any documents in support of the claims alleged in his petition. Resp. Exh. 125.  Counsel for Petitioner did not file a response to the state's motion.  On March 9, 2011, the PCR trial judge granted summary judgment and dismissed Petitioner's PCR petition with prejudice.[2]  Resp. Exhs. 128, 129.

Petitioner appealed the PCR trial court's decision. Petitioner's appellate attorney, after reviewing the record and consulting with post-conviction trial counsel and with petitioner, did not identify "any nonfrivolous issues for appeal."  Resp. Exh. 130, pp. 2-3.  As such, he filed a Section A *Balfour* brief on

---

[1]The letter, from the Court's "Post-Conviction/Habeas Corpus Clerk," indicated that Petitioner's *pro se* materials were forwarded to appointed counsel on Petitioner's behalf and advised Petitioner that in the future, any filings should be submitted through counsel.

[2]On March 29, 2011, Petitioner submitted a *pro se* document entitled "Defendant's Motion for Summary Judgment for Failure to Comply With ORS 138.580" in which he reiterated his dissatisfaction with counsel.  Resp. Exh. 126.  It is not clear from the record before this Court whether the PCR trial court received and/or filed this document.  In any event, there is no indication the PCR trial court took any action thereon.

Petitioner's behalf.[3]  *Id.*  Petitioner was provided the opportunity to submit a Section B argument outlining and identifying any claim of error for inclusion in his brief, but he did not do so.  *Id.* Respondent waived appearance on the appeal, and the Oregon Court of Appeals affirmed the PCR trial court's decision without opinion.  *Erickson v. Coursey*, 246 Or. App. 576, 266 P.3d 669 (2011).

Petitioner's PCR appellate attorney thereafter wrote to Petitioner notifying him of the Court of Appeals' decision and informing Petitioner he would not be filing a petition for review with the Oregon Supreme Court.  Resp. Exh. 132, p. 4.  The appellate judgment issued, and thereafter Petitioner filed a *pro se* motion to recall the appellate judgment alleging that PCR appellate counsel was ineffective in failing to file a petition for review.  Resp. Exh. 132, pp. 203.  The Oregon Supreme Court issued a deficiency notice regarding Petitioner's *pro se* motion. Resp. Exh. 133.  Petitioner's PCR appellate counsel then filed a counseled motion to recall the appellate judgment on Petitioner's

---

[3]The *Balfour* procedure provides that an attorney need not ethically withdraw when faced with only frivolous issues.  Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal."  *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991).  The defendant may then file the Section B segment of the brief containing any assignments of error he wishes.  *Id.* at 452.

behalf and submit Petitioner's *pro se* Petition for Review for consideration. Resp. Exh. 133. The Oregon Supreme Court granted the motion to recall the appellate judgment, but denied the petition for review. *Erickson v. Coursey*, 352 Or. 25, 281 P.3d 261 (2012).

On August 12, 2013, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. Petitioner alleges five claims for relief, which are set forth verbatim:

> **Ground One:** Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
> **Supporting Facts:** Statues of limitations, I told Mr. Yarmo my attorney all of this alleged crimes were discussed in 1990-91 at Brian and Terri Hodel's trial I said" C.S.D. called Christine Jensen, [the victim's] mother at that time and was told then of these alleged crimes. This is why D. D. A Brandi E. K Shroyers reasons for leaving the case.
>
> **Ground Two:** Conviction obtained by a violation of the protection against double jeopardy.
> **Supporting Facts:** Statues of limitation. A.D.D.A. Victoria Roe prosecuted insight of this fact and pre-knowledge of C.S.D. former 1990-91 investigation. To wit all these charges were investigated. The original closing statements, not the ones given to the Appeals Court.
>
> **Ground Three:** Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.
> **Supporting Facts:** The Sheriff Les Stiles was the Forman of my trial, also my witnesses waiting to testify latter told me that the jury would pass them chatting about where they would meet to discuss that day's trial hearing. Shirley Erickson (Ph. # [deleted]) when she

went to tell the authorities said she was pointed to one of the jurors and told ask him he's the Sheriff.

**Ground Four:** Denial of effective assistance of counsel. **Supporting Facts:** Trial counsel was ineffective in failing to meet with petitioner prior to the hearing pre-trial and trial to discuss case. Ineffective in failing to investigate pre-trial testimony of [the victim] (transcript page 144); failure to locate and secure witnesses Christine Jensen, [the victim's] mother, Rhonda Erickson/Hodel/Keeney, Velma Worthington ([the victim's] other Grandmother), Brian Imel, Brian Hodel (who was in Deschutes County jail at the time of my trial), Eric and Donna Erickson, my brothers Rick, Luke, Rodney, Joshua Erickson, their children Bobby, Tina, Lisa, Trish, Ricky, Jimmy, Misty, April Erickson, my cousin Robert Tino Erickson, Uncle David Erickson or long time friend Bill Mancuso. Counsel ineffective in securing impartial Jury (Sheriff "Les Stiles" was Forman). Ineffective in change of venue; Statute of limitations do to the case in 1990 with C.S.D. questioning [the victim]; dismissing inadmissible evidence (I did not talk to O.S.P. about this case); incompetent Judge; securing digital recording for trial; A(10) Trial counsel was ineffective in securing Jury during trial. A(11) Trial counsel was ineffective in cross-examination of Terri Hodel. A(12) Trial Counsel was ineffective in securing public trial. A(13) Trial Counsel was ineffective in involving petitioner in second non secret indictment in front of Grand Jury-Petitioner further alleges that he was denied effective assistance of Appellate Counsel in violation of Article 1, Section 11 of Oregon Constitution and the Six Amendment of the United States Constitution and *Strickland v. Washington* in the following manner; B(1) Appellate counsel was ineffective in failure to include in appeal the fact that the trial judge dismissed the Statue of Limitation C.S.D. talk to Christine Jensen in 1991, and UTAH STATE POLICE Mr. Jensen, talk to me in 1994 telling me I was not leaving Utah with [the victim] because of said statements all of which I was charged with here.

**Ground Five:** Post-Conviction Attorney Mr. Mordini was ineffective in representation. **Supporting Facts:** Mr. Mordini did not get an investigator even after being told in open court I

needed one the sandbagger did nothing accept asked the
court to dismiss so he could get rid of me and the case.

In response, Respondent argued that Petitioner procedurally
defaulted all of the claims for relief alleged in Grounds One
through Four, and that Ground Five fails to state a claim upon
which habeas corpus relief may be granted.  Counsel for Petitioner
filed a Brief in Support of Petition for Writ of Habeas Corpus
addressing only his claims that he was denied effective assistance
of trial and appellate counsel based on their failure to
determine, raise, and argue that the applicable statute of
limitations barred the prosecution of conduct which occurred
before September 29, 1988.

Petitioner concedes he procedurally defaulted his ineffective
assistance claim.  He argues, however, that habeas review is
available under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012).  In the
alternative, Petitioner argues federal review is not precluded by
procedural default because the state rule applied to dismiss
Petitioner's state PCR petition was not independent and adequate
and the PCR corrective process was otherwise ineffective.
Finally, Petitioner argues the procedural default should be
excused because he is actually innocent of the sentences imposed
on the limitations-barred conduct.

In a Reply to Petitioner's Brief in Support, Respondent
argues the claims briefed by Petitioner do not correspond to any

claims actually set forth in the Petition for Writ of Habeas Corpus and, as such, are not properly before the Court. Respondent further argues Petitioner failed to meet his burden of proof on his unbriefed claims, that the claims argued are procedurally defaulted, and that the procedural default is not excused under either *Martinez v. Ryan* or actual innocence.

Petitioner filed a Sur-Reply to Respondent's Reply countering Respondent's arguments. Simultaneously therewith, Petitioner filed a Motion and Memorandum in Support For [sic] Leave to File Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (#71). The proposed Amended Petition purports to incorporate Grounds One through Five contained in the original *pro se* Petition, and to add the following Grounds Six through Twelve:

> **Grounds Six-Nine:** Petitioner was denied his 6th and 14th Amendment rights to effective assistance of counsel and to due process and against ex post facto application of laws (pursuant to Article 1 Section 10) when the court denied and counsel (both trial and appellate) failed to otherwise object to or effectively object to the state's prosecution of the crimes after the statute of limitations had expired which provided amnesty from conviction.
> **Supporting Facts:** Counsel failed to conduct the necessary research to learn and argue that a three year statute of limitation was amended to retroactively extend the limitations period for sex crimes against minors.
>
> Instead, counsel argued that the extended limitations period of the 1991 amendment expired in 1999, which was six years after [the victim] told a teacher in Utah that she had been molested by [Petitioner]. The court erred in responding to even this limited argument when it ruled that a school counselor in Utah had no statutory

10 - OPINION AND ORDER -

duty to report the alleged abuse. However, trial
counsel failed to argue that those with a duty under
state law, including those with a duty under Utah law
were an "other governmental agency" triggering the six
year limitation period which expired no later than 1999.
Moreover, counsel failed to investigate and argue that
a prior "disclosure" [the victim] made to a social
worker in Oregon, a mandatory reporter under Oregon law.

Counsel also failed to argue an open interpretation of
the relevant statute of limitations that was resolved in
2010, which was applicable to the 1991 attempted rape
count. That conduct was also subject to the three year
statute of limitations because "attempts" were not
included in the extended limitations period made
applicable to sex crimes against minors. Appellate
counsel should have raised this issue as plain error on
appeal.

Therefore, the relevant statute annexed to six counts of
sodomy and seven counts of sexual abuse[4] and the
attempted rape provided a three year statute of
limitations and the state's prosecution of [Petitioner]
in 2003 was barred as to those. [Petitioner] had
absolute amnesty from prosecution and punishment for
those offenses.

Moreover, the statute annexed to the two remaining
counts of sodomy and sexual abuse occurring in the
Spring of 1989 provided a six year limitation from the
date of the disclosure to a mandatory reporter which
would have been 1999 and the prosecution of those
offenses was also barred. Although trial counsel argued
the six year limitation had expired, appellate counsel
failed to assign error to the court's ruling. Appellate
counsel failed to conduct the necessary research to
learn and argue that the court of appeals decision in
the trial court's decision was learn [sic] and assert
the even after the Court of Appeals decision in *State v.
Walker*, 192 Or. App. 353, 548-49, which issued before
[Petitioner's] appellate brief was filed    directly

---

[4]As noted above, Petitioner was actually convicted of five
counts each of Sodomy in the First Degree and Sexual Abuse in the
First Degree, and one count of Attempted Rape in the First Degree.

contradicted the trial court's ruling and provided a ground for reversal.

**Ground Ten:** Petitioner is actually innocent of his convictions and sentences.
**Supporting Facts:** Because the applicable statute of limitations had expired prior to the state's filing of the charges against [Petitioner] had an amnesty from prosecution, conviction and punishment.

**Ground Eleven and Twelve:** Petitioner was denied . . . his 6th and 14th Amendment rights to notice, confrontation and to present a defense and due process when the state withheld exculpatory evidence.
**Supporting Facts:** The state failed to disclose evidence that it and/or any mandatory reporter had notice of [the victim's] allegations against Petitioner prior to 1999.

Respondent objects to the motion to amend because Petitioner improperly attempts to incorporate by reference the claims alleged in Grounds One through Five from the original *pro se* Petition and because the claims alleged in proposed Grounds Six through Twelve are untimely.

Finally, Petitioner has now filed a Motion for Authorization to Issue Subpoena Duces Tecum. Petitioner seeks to issue a subpoena to the Oregon Department of Human Services Custodian of Public Records to produce records pertaining to a collateral 1991 child abuse investigation which may have involved the victim in this case. Respondent objects on the basis that Petitioner cannot establish "good cause" for the discovery in the absence of authorization from this Court to file the proposed Amended Petition.

## DISCUSSION

### I.   Procedural Default

#### A.   Legal Standards

A habeas petitioner must exhaust his claims by presenting them to the state's highest court, either through a direct appeal or collateral proceedings, before a federal court will consider the merits of those claims. *Rose v. Lundy*, 455 U.S. 509, 519 (1982). "As a general rule, a petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'affording the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915--916 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)).  If a habeas litigant failed to present his claims to the state courts in a procedural context in which the merits of the claims were considered, the claims have not been fairly presented to the state courts and are therefore not eligible for federal habeas corpus review.  *Castille v. Peoples*, 489 U.S. 346, 351 (1989).

When a state prisoner fails to exhaust his federal claims in state court and the state court would now find the claims barred under applicable state rules, the federal claims are procedurally defaulted. *Casey*, 386 F.3d at 920; *Coleman v. Thompson*, 501 U.S.

722 (1991).    Similarly, if a federal constitutional claim is expressly rejected by a state court on the basis of a state procedural rule that is independent of the federal question and adequate to support the judgment, the claim is procedurally defaulted.    *Coleman*, 501 U.S. at 750; *Cook v. Schriro*, 538 F.3d 1000, 1025 (2008), *cert. denied*, 555 U.S. 1141 (2009).

Under the independent and adequate state rule doctrine, federal habeas review is prohibited when a state court declined to address a prisoner's federal claims on the ground that the prisoner failed to meet a state procedural requirement. *Wainwright v. Sykes*, 433 U.S. 72, 81 (1977).    A state procedural rule constitutes an adequate procedural bar if it was "firmly established and regularly followed" at the time the rule was applied by the state court.    *Ford v. Georgia*, 498 U.S. 411, 424 (1991); *Poland v. Stewart*, 169 F.3d 573, 585 (9th Cir.), *cert. denied*, 528 U.S. 845 (1999).    A state procedural rule is "independent" for purposes of preclusion if it is not interwoven with federal law and the state court explicitly invoked the rule as the basis for its decision.    *Bennett v. Mueller*, 322 F.3d 573, 581 (9th Cir. 2003).    When a petitioner procedurally defaults his federal claims, federal habeas corpus review is barred unless the prisoner can demonstrate cause for the procedural default and actual prejudice.    *Coleman*, 501 U.S. at 750.    In order to

demonstrate "cause," a petitioner must show that some objective factor external to the defense impeded his efforts to raise the claim in state court. *Vickers v. Stewart*, 144 F.3d 613, 617 (9th Cir. 1998), *cert. denied*, 525 U.S. 1073 (1999). "Prejudice," in turn, is actual harm resulting from the alleged constitutional violation. *Vickers*, 144 F.3d at 617.

Procedural default of available state remedies may also be excused where the failure to consider the claims will result in a miscarriage of justice on a colorable showing of actual innocence. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013); *House v. Bell*, 547 U.S. 518, 536-37 (2006); *Schlup v. Delo*, 513 U.S. 298, 314-15 (1995). In order to escape procedural default and allow this court to move to the merits of Petitioner's claims, Petitioner must demonstrate that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House*, 547 U.S. at 537 (quoting *Schlup*, 513 U.S. at 327); *McQuiggin*, 133 S.Ct. at 1930. Ultimately, the question is whether Petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *Schlup*, 513 U.S. at 316. "Actual innocence means factual

innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### B.    Petitioner Procedurally Defaulted All Claims for Relief Alleged in Both His Initial Petition for Writ of Habeas Corpus and His Proposed Amended Petition for Writ of Habeas Corpus

On direct appeal, Petitioner exhausted the two sentencing challenges, neither of which are alleged in the Petition or proposed Amended Petition in this Court.   Petitioner cannot now raise any further trial error claims in state court.[5]   As such, Petitioner procedurally defaulted all of the claims of trial error alleged in the initial Petition and proposed Amended Petition.

As noted, Petitioner does not dispute that he procedurally defaulted his ineffective assistant of counsel claims in the state PCR proceedings.    Petitioner contends, however, that the procedural default is attributable to the deficient performance of PCR trial counsel such that the default should be excused.   In the alternative, Petitioner argues his actual innocence should excuse the procedural default.

Traditionally, the ineffective performance of PCR trial counsel could not be used to establish cause and prejudice to excuse a procedural default.    *See Coleman*, 501 U.S. at 753-54

---

[5]Under Or. Rev. Stat. § 138.071, direct appeals must be filed no later than 30 days after the judgment or order appealed from was entered in the register.

(only the constitutionally ineffective assistance of counsel constitutes cause); *Pennsylvania v. Finley*, 481 U.S. 551, 556 (1987) (there is no constitutional right to counsel in a PCR proceeding). In *Martinez v. Ryan*, however, the Supreme Court carved out a narrow exception to the general rule, holding that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez*, 132 S.Ct. at 1315. Here, Petitioner argues PCR trial counsel failed to file a formal petition, failed to respond to the state's motion for summary judgment, and failed to discover and raise the statute of limitations issues in the context of claims of ineffective assistance of trial and appellate counsel.

The flaw in Petitioner's argument is that his procedural default did not occur at the PCR trial level. At the initial-review level, the PCR judge resolved Petitioner's claims on the *merits*. In the PCR trial court, the state moved for summary judgment on the basis that Petitioner failed to comply with the requirements of Or. Rev. Stat. § 138.580. Under § 138.580, when filing a PCR petition, "[a]ffidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition." Because Petitioner failed to attach any documentary evidence to his *pro se* petition and his PCR trial counsel did not file a formal PCR petition with attachments or

17 - OPINION AND ORDER -

otherwise provide evidence to support Petitioner's allegations, the PCR trial judge granted summary judgment and dismissed the PCR petition with prejudice.

While the statute relied upon by the PCR trial judge appears at first glance a rule of procedure in the form of a pleading requirement, it is not "independent" for purposes of preclusion of federal habeas claims on procedural default grounds because it is interwoven with federal law. The determination whether a PCR petitioner has satisfied the statute requires the court to undertake a substantive examination of the materials submitted. The Oregon Supreme Court recently described the type of evidence a PCR petitioner must submit:

> [I]n providing that "[a]ffidavits, records, or other documentary evidence supporting the allegations of the petition shall be attached to the petition" for post[-]conviction relief, ORS 138.380 does not require a post[-]conviction petitioner to attach evidence that meets some particular standard of reliability. And, although a petitioner must attach some evidence supporting each element of each asserted claim for relief, ORS 138.580 does not require that such attachments prove the truth of the petitioner's allegations. Rather ORS 138.580 requires a petitioner to attach materials, including the petitioner's own averments of fact, that address each element of each asserted ground for relief and that, considered together, and if substantiated at the post-conviction hearing, would permit the post-conviction court to determine that the petitioner was entitled to post-conviction relief on that ground.

*Ogle v. Nooth*, 355 Or. 570, 589, 330 P.3d 572 (2014).

In *Ogle*, the court went on to analyze materials submitted by the petitioner. *Id.* at 591-5. With respect to two of the ineffective assistance of counsel claims alleged, the court found the materials submitted by the petitioner included information that, if true and offered at a hearing in admissible form, would have permitted the PCR judge to conclude the petitioner was entitled to post-conviction relief. *Id.* at 591. As such, the court reversed the trial court's decision to grant summary judgment to the state and remanded for further proceeding. *Id.*

With respect to the other claims of ineffective assistance of counsel, however, the court in *Ogle* examined the materials submitted by petitioner and determined that the "materials, taken as a whole, do not demonstrate either that trial counsel failed to exercise reasonable professional skill and judgment in the manner alleged . . . or that petitioner was prejudiced by counsel's acts or omissions." *Id.* at 594. As *Ogle* makes clear, then, because a PCR trial judge's decision to grant or deny summary judgment for failure to comply with Or. Rev. Stat. § 138.580 relies in part on an analysis of the substance of the Petitioner's claims, it is not based upon an independent state procedural rule. *See Park v. California*, 202 F.3d 1146, 1152 (9th Cir. 2000) (a state law ground is "interwoven" with federal law if the state has made application of the procedural bar depend on an antecedent ruling

on federal law [such as] the determination of whether federal constitutional error has been committed). Likewise, the PCR trial judge's grant of summary judgment in Petitioner's case was, in fact, a decision on the merits for the purposed of federal habeas corpus relief.[6]

Once the PCR trial judge dismissed Petitioner's PCR petition with prejudice, Petitioner appealed. On appeal, however, Petitioner did not allege any assignments of error. Instead, his appellate counsel filed a Section A *Balfour* brief. Petitioner did not avail himself of the opportunity to file a Section B. As such, Petitioner failed to present any of his federal claims to the Oregon Court of Appeals.[7] Because Petitioner failed to present

---

[6]The Court notes the holding in *Bray v. Belleque*, 2012 WL 1409328 (D. Or., April 19, 2012), that Or. Rev. Stat. § 138.580 constituted an independent and adequate state law ground for dismissing the petitioner's claim. *Bray* was decided before the Oregon Supreme Court issued *Ogle*, which made clear a determination to dismiss under Or. Rev. Stat. § 138.580 rests not only on the procedural basis, but also an determination of the existence of an underlying constitutional violation. Moreover, the Court notes that in *Bundy v. Nooth*, 2014 WL 6685000, * 7-8 (D. Or. Nov. 25, 2014), which was issued after *Ogle* was decided, the court treated a PCR dismissal pursuant to Or. Rev. Stat. § 138.580 as a ruling on the merits.

[7]Petitioner argues attachment of the PCR petition to the Section A brief as part of the excerpt of the record was sufficient to incorporate the claims alleged therein under *Farmer v. Baldwin*, 346 Or. 67, 205 P.3d 871 (2009). As Respondent notes, however, this Court has repeatedly rejected this argument. *See Tardy v. Belleque*, 2011 WL 722773, *5 (D.Or. Feb. 23, 2011) (rejecting argument that attaching PCR petition as part of Excerpt to Record to a *Balfour* brief constituted fair presentation of claims alleged therein); *Cabine v. Belleque*, 2010 WL 1141354, *12 (D.Or. Mar. 19,

any claims to the Oregon Court of Appeals, he could not present them to the Oregon Supreme Court in a procedural context in which they would be considered. *See* Or. R. App. P. 20(2) ("questions before the Supreme Court include all questions properly before the Oregon Court of Appeals that the petition or the response claims were erroneously decided by that court"). Petitioner cannot now fairly present his PCR claims to the Oregon state courts.[8] Accordingly, Petitioner procedurally defaulted all of the claims alleged in his state PCR petition at the state appellate court level.

Petitioner has not established cause and prejudice to excuse his procedural default. The exception created in *Martinez* does not apply to defaults caused by post-conviction appellate counsel. The Supreme Court made clear that while attorney errors in initial-review collateral proceedings may provide cause, the holding "does not concern attorney errors in other kinds of proceedings, *including appeals from initial review collateral*

---

2010) (same); *Jackson v. Belleque*, 2010 WL 348357, *4 (D.Or. Jan. 21, 2010) (same).

[8]Under Or. Rev. Stat. § 138.550(3), all PCR claims must be asserted in the original or amended petition unless they could not reasonably have been asserted therein, and any claims no so asserted are deemed waived. Appeals from the denial of PCR relief must be filed no later than 30 days after the judgment was entered. Or. Rev. Stat. § 138.071.

proceedings, second or successive collateral proceedings, and petitions for discretionary review in a State's appellate courts." *Martinez*, 132 S.Ct. at 1320.

Petitioner argues in the alternative that he is entitled to review of his procedurally defaulted claims under *Schlup* on the basis he is actually innocent because analysis of the statute of limitations issue confirms he is not guilty of the offense.

The actual innocence standard "is demanding and permits review only in the 'extraordinary' case." *House*, 547 U.S. at 538. In *Schlup*, the Supreme Court recognized that actual innocence is concerned with factual, as opposed to legal, innocence and must be based on reliable evidence not presented at trial. *Schlup*, 513 U.S. at 324. The *Schlup* exception does not apply to a person who does not claim actual innocence, but rather "asserts only procedural violations without claiming actual innocence." *Johnson v. Knowles*, 541 F.3d 933 (9th Cir. 2008), *cert. denied*, 556 U.S. 1211 (2009).

Petitioner does not offer new reliable evidence that did he not engage in the conduct that led to the charges against him; he instead makes the legal argument that the statute of limitations for the crimes expired before he was indicted. Petitioner's "legal innocence," however, cannot excuse his procedural default. *See, e.g., Wolfe v. Smith*, 2011 WL 901964, *7 (D.Idaho March 11,

2011) (rejecting claim of actual innocence based on convicting court's lack of jurisdiction), *aff'd*, 471 Fed.Appx. 760 (9th Cir. 2012); *Bell v. Howes*, 2008 WL 4852716, *5 (E.D. Mich. Nov. 5, 2008) (rejecting argument that evidence of petitioner's entrapment satisfied *Schlup*, as entrapment establishes only legal innocence, not factual innocence).

Petitioner procedurally defaulted all of the claims for relief alleged in his initial *pro se* Petition and in his proposed Amended Petition, and Petitioner has not established cause and prejudice or a fundamental miscarriage of justice to excuse his procedural default. Accordingly, Petitioner cannot obtain federal habeas corpus relief.

## II. Motion for Leave to Amend

After a responsive pleading has been filed, a petitioner may amend his pleading only with consent of the opposing party, or leave of the court. Fed. R. Civ. P. 15(a)(1). The propriety of a motion to amend is generally determined based on four factors: undue delay, bad faith, prejudice to the opponent, and futility of amendment. *Griggs v. Pace Am. Group, Inc.,* 170 F.3d 877, 880 (9th Cir. 1999). "A proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense."

*Sweaney v. Ada County, Idaho*, 119 F.3d 1385, 1393 (9th Cir. 1997);

*Miller v, Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

As discussed, all of the claims alleged in Petitioner's proposed Amended Petition are procedurally defaulted. As such, amendment to include those claims would be futile. *See Weiland v. Thompson*, 2012 WL 5036820, *9 (D.Or. Oct. 17, 2012) (denying leave to amend where proposed amended claim barred by procedural default). The Court DENIES Petitioner's Motion for Leave to File Amended Petition (#71).

## III. Motion to Issue Subpoena Duces Tecum

Finally, Petitioner seeks authorization to issue a subpoena *duces tecum* to the Oregon Department of Human Services Custodian of Public Record for production of records relating to a child abuse investigation that may have involved the victim.

Habeas corpus petitioners, unlike usual civil litigants, are not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 903-905 (1997). Habeas corpus petitioners may conduct discovery to the extent that "the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." Rule 6(a) of the Rules Governing Section 2254 Cases, 28 U.S.C. § foll. 2254. Good cause is shown where a petitioner demonstrates, through specific allegations, that there is reason to believe that he may be

entitled to relief. *Bracy*, 520 U.S. at 908-909 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)).

Petitioner seeks discovery to obtain evidence demonstrating that his trial attorney provided ineffective assistance by failing to adequately investigate and argue the statute of limitations had expired on the crimes for which Petitioner was convicted. As discussed above, however, Petitioner procedurally defaulted this claim, and has not established that the procedural default should be excused. Because the discovery sought relates only to Petitioner's claim of legal innocence, which the Court rejects as a basis to excuse the procedural default, Petitioner cannot show good cause. Accordingly, the Court DENIES Petitioner's Motion for Authorization to Issue Subpoena Duces Tecum (#89).

<u>**CONCLUSION**</u>

For these reasons, the Court DENIES Petitioner's Motion for Leave to Amend (#71), Petitioner's Motion for Leave to Issue Subpoena Duces Tecum (#89), and the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (#1).

The Court further DENIES a certificate of appealability as Petitioner has not made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

DATED this 25th day of March, 2015.

_____
ANNA J. BROWN
United States District Judge

26 - OPINION AND ORDER -