IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS GERALD ERICKSON,

        Petitioner,

   v.

JERI TAYLOR,

        Respondent.

Civil No. 2:12-cv-01466-BR

OPINION AND ORDER

TONIA L. MORO
19 South Orange Street
Medford, OR  97501

        Attorney for Petitioner

ELLEN F. ROSENBLUM
Attorney General
FREDERICK M. BOSS
Deputy Attorney General
KRISTEN E. BOYD
Assistant Attorney General
Department of Justice
1162 Court Street NE
Salem, OR  97301

        Attorneys for Respondent

BROWN, Senior Judge.

Petitioner, an inmate in the custody of the Oregon Department of Corrections, brings this habeas corpus action pursuant to 28 U.S.C. § 2254. Currently before the Court is Petitioner's Supplemental Motion for Leave to Amend Petition (ECF No. 112). For the reasons that follow, the Court GRANTS IN PART and DENIES IN PART Petitioner's Motion.

## **PROCEDURAL HISTORY**

On July 8, 2003, a Deschutes County grand jury indicted Petitioner on five counts of Sodomy in the First Degree, five counts of Sexual Abuse in the First Degree, and one count of Attempted Rape in the First Degree. The victim was Petitioner's daughter, A.I., who was under 12 years old at the time. Resp. Exh. 102. The indictment alleged all of the incidents occurred between April 23, 1985 and April 23, 1992. *Id*. On the day of trial, July 10, 2003, the state moved to amend the indictment by inter-lineation and over Petitioner's objection, to allege that the conduct occurred between October 3, 1986, and April 23, 1992. Tr. 225, Resp. Exh. 102. According to the prosecutor, this was to ensure that only conduct within the statute of limitations was alleged. Tr. 225. The trial judge granted the state's motion.

The case was tried to a jury. A.I., who was 21 at the time of trial, testified that there were five incidents involving four acts of sodomy and five acts of sexual abuse that occurred when she

visited Petitioner during Christmas of 1987 and through her stay into January 1988 at a Browning street residence in Sunriver, Oregon. She returned for a visit to the same residence around Easter in 1988, and she described three incidents during that visit when Petitioner committed two sodomy offenses and two sexual abuse offenses. In the spring of 1989, A.I. visited Petitioner at a residence on Solar Drive in Sunriver, and she testified that Petitioner committed one act of sexual abuse and one act of sodomy. A.I. testified that the last incident occurred in the Spring of 1991 when she visited Petitioner at the Browning residence and Petitioner tried to rape her by attempting intercourse. A.I. testified that in 1992 and 1993 she told a school counselor in Utah about Petitioner's sexual abuse.

At the end of the state's case, Petitioner's trial counsel moved for a judgment of acquittal on three bases: (1) that the statute of limitations barred the prosecution; (2) that given the victim's lack of specificity regarding three incidents during the Christmas visit, the state failed to prove more than three incidents of sodomy; and (3) that given the confusing testimony as to dates and places the state otherwise failed to provide sufficient proof of all of the incidents. As to the statute of limitations, counsel argued that Or. Rev. Stat. § 131.125(2) required the state to commence the prosecution within 6 years of a report of the offense to law enforcement or other government

3 - OPINION AND ORDER -

agency, and that the victim's disclosure to the Utah school counselor in 1992 and 1993 triggered the running of the statute. Specifically, counsel argued that the Utah school counselor qualified as an "other governmental agency." The trial court rejected this argument. The trial judge noted that the argument presented open questions of law, and found that the Utah school counselor was not an "other governmental agency" and that the limitations period was not triggered until the State of Oregon received a report. The trial judge also noted that the school counselor likely had a duty not to disclose. The judge denied Petitioner's other bases for acquittal as well.

Petitioner's substantive trial defenses were the statute of limitations and an attack on his daughter's credibility. He called several witnesses to support his argument that she was a pathological liar and manipulator and that she learned those traits to survive a difficult childhood. A.I. experienced extreme poverty living with her drug-using and drug-dealing mother, and she was sexually abused by her step-uncle in 1990. Petitioner argued that A.I. made up the allegations against him because she was resentful that he did not protect her from the neglect and abuse she experienced. He also argued that the timing of A.I.'s allegations were related to her desire to become closer with Petitioner's step-daughter, then 25-years-old, by supporting the step-daughter's allegation that Petitioner touched her inappropriately sometime

before 1990. Several witnesses testified that A.I. had a reputation for untruthfulness, and that she had denied being abused by Petitioner over the years.

The jury nevertheless convicted Petitioner on all eleven counts. Resp. Exh. 101. The trial judge sentenced Petitioner on counts one through five (Sodomy in the First Degree) to a term of 240 months of imprisonment, with a 120-month minimum. *Id.* On counts six through ten (Sexual Abuse in the First Degree), the trial judge sentenced Petitioner to a term of 60 months of imprisonment, with a 30-month minimum, consecutive to the sentence for counts one through five. *Id.* On count eleven (Attempted Rape in the First Degree), the trial judge imposed sentence pursuant to sentencing guidelines of an upward departure term of 90 months of imprisonment. *Id.* Petitioner's current projected release is 2033. *Id.*

Petitioner filed a direct appeal, asserting two claims of error: (1) the trial court erred when it ordered a departure sentence on count eleven; and (2) the trial court erred when it ordered the consecutive sentences on several counts. Resp. Exh. 106, p. i). The Oregon Court of Appeals found the sentence plainly erroneous and vacated and remanded for re-sentencing. *State v. Erickson*, 205 Or. App. 555, 134 P.3d 1114 (2006).

The state petitioned the Oregon Supreme Court for review, arguing the Court of Appeals erred in exercising plain error

review. Resp. Exh. 109. The Oregon Supreme Court granted review, vacated the decision of the Court of Appeals, and remanded the case to the Court of Appeals for reconsideration in light of *State v. Ramirez*, 343 Or. 505, 173 P.3d 817 (2007), *adh'd to on recons.*, 344 Or. 195, 179 P.3d 673 (2008), and *State v. Fults*, 343 Or. 515, 173 P.3d 822 (2007). *State v. Erickson*, 345 Or. 315, 195 P.3d 62 (2008). On remand, the Oregon Court of Appeals determined that the decision in *Ramirez* directed that they must consider whether there was "legitimate debate" that the jury would have found the departure factors found by the trial court to justify the upward departure guideline sentence on count eleven. *State v. Erickson*, 227 Or. App. 299, 301, 206 P.3d 221 (2009). On the record before it, the Court of Appeals determined that there was no legitimate debate that the jury would have found the upward departure factors, and affirmed the conviction and sentence. *Id.* at 303. The Oregon Supreme Court denied further review. *State v. Erickson*, 346 Or. 361, 211 P.3d 930 (2009).

On August 3, 2010, Petitioner filed a *pro se* petition for state post-conviction relief ("PCR"). Resp. Exh. 118. On August 9, 2010, the PCR trial court appointed counsel to represent Petitioner. Resp. Exh. 119. On November 4, 2010, Petitioner filed a *pro se* Notice with the PCR trial court indicating he had a disagreement with counsel. Resp. Exh. 120. On November 24, 2010,

the PCR trial judge conducted a hearing, at the conclusion of which he denied Petitioner's request to relieve counsel. Resp. Exh. 127.

On January 26, 2011, Petitioner's PCR counsel filed a notice with the PCR trial court electing to proceed on the *pro se* petition. Resp. Exh. 122. On February 9, 2011, Petitioner submitted a *pro se* Motion to Dismiss Attorney, by which he sought to remove appointed counsel. Resp. Exh. 123. On February 15, 2011, the PCR trial judge rejected Petitioner's motion by letter on the basis that the court did not accept *pro se* filings from a represented party.[1] Resp. Exh. 124.

On February 1, 2011, the state moved for summary judgment for failure to comply with the statutory pleading requirements of Or. Rev. Stat. § 138.580, on the basis that petitioner failed to attach any documents in support of the claims alleged in his petition. Resp. Exh. 125. Counsel for Petitioner did not file a response to the state's motion. On March 9, 2011, the PCR trial judge granted summary judgment and dismissed Petitioner's PCR petition with prejudice.[2] Resp. Exhs. 128, 129.

_____

[1]The letter, from the Court's "Post-Conviction/Habeas Corpus Clerk," indicated that Petitioner's *pro se* materials were forwarded to appointed counsel on Petitioner's behalf and advised Petitioner that in the future, any filings should be submitted through counsel.

[2]On March 29, 2011, Petitioner submitted a *pro se* document entitled "Defendant's Motion for Summary Judgment for Failure to Comply With ORS 138.580" in which he reiterated his dissatisfaction with counsel. Resp. Exh. 126. It is not clear from the record before this Court whether the PCR trial court received and/or filed

Petitioner appealed the PCR trial court's decision. Petitioner's appellate attorney, after reviewing the record and consulting with post-conviction trial counsel and with petitioner, did not identify "any nonfrivolous issues for appeal." Resp. Exh. 130, pp. 2-3. As such, he filed a "Section A" *Balfour* brief on Petitioner's behalf.[3] *Id*. Petitioner was provided the opportunity to submit a Section B argument outlining and identifying any claim of error for inclusion in his brief, but he did not do so. *Id*. Respondent waived appearance on the appeal, and the Oregon Court of Appeals affirmed the PCR trial court's decision without opinion. *Erickson v. Coursey*, 246 Or. App. 576, 266 P.3d 669 (2011).

Petitioner's PCR appellate attorney thereafter wrote to Petitioner notifying him of the Court of Appeals' decision and informing Petitioner he would not be filing a petition for review with the Oregon Supreme Court. Resp. Exh. 132, p. 4. The appellate judgment issued, and thereafter Petitioner filed a *pro se* motion to recall the appellate judgment alleging that PCR appellate

---

this document. In any event, there is no indication the PCR trial court took any action thereon.

[3]The *Balfour* procedure provides that an attorney need not ethically withdraw when faced with only frivolous issues. Rather, the attorney may file Section A of an appellant's brief containing a statement of the case sufficient to "apprise the appellate court of the jurisdictional basis for the appeal." *State v. Balfour*, 311 Or. 434, 451, 814 P.2d 1069 (1991). The defendant may then file the Section B segment of the brief containing any assignments of error he wishes. *Id*. at 452.

counsel was ineffective in failing to file a petition for review. Resp. Exh. 132, pp. 203. The Oregon Supreme Court issued a deficiency notice regarding Petitioner's *pro se* motion. Resp. Exh. 133. Petitioner's PCR appellate counsel then filed a counseled motion to recall the appellate judgment on Petitioner's behalf and submit Petitioner's *pro se* Petition for Review for consideration. Resp. Exh. 133. The Oregon Supreme Court granted the motion to recall the appellate judgment, but denied the petition for review. *Erickson v. Coursey*, 352 Or. 25, 281 P.3d 261 (2012).

On August 12, 2013, Petitioner filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 in this Court. Petitioner alleged five claims for relief, which are set forth verbatim:

> **Ground One:** Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant.
> **Supporting Facts:** Statues of limitations, I told Mr. Yarmo my attorney all of this alleged crimes were discussed in 1990-91 at Brian and Terri Hodel's trial I said" C.S.D. called Christine Jensen, [the victim's] mother at that time and was told then of these alleged crimes. This is why D. D. A Brandi E. K Shroyers reasons for leaving the case.
>
> **Ground Two:** Conviction obtained by a violation of the protection against double jeopardy.
> **Supporting Facts:** Statues of limitation. A.D.D.A. Victoria Roe prosecuted insight of this fact and pre-knowledge of C.S.D. former 1990-91 investigation. To wit all these charges were investigated. The original closing statements, not the ones given to the Appeals Court.

**Ground Three:** Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled.

**Supporting Facts:** The Sheriff Les Stiles was the Forman of my trial, also my witnesses waiting to testify latter told me that the jury would pass them chatting about where they would meet to discuss that day's trial hearing. Shirley Erickson (Ph. # [deleted]) when she went to tell the authorities said she was pointed to one of the jurors and told ask him he's the Sheriff.

**Ground Four:** Denial of effective assistance of counsel.
**Supporting Facts:** Trial counsel was ineffective in failing to meet with petitioner prior to the hearing pre-trial and trial to discuss case. Ineffective in failing to investigate pre-trial testimony of [the victim] (transcript page 144); failure to locate and secure witnesses Christine Jensen, [the victim's] mother, Rhonda Erickson/Hodel/Keeney, Velma Worthington ([the victim's] other Grandmother), Brian Imel, Brian Hodel (who was in Deschutes County jail at the time of my trial), Eric and Donna Erickson, my brothers Rick, Luke, Rodney, Joshua Erickson, their children Bobby, Tina, Lisa, Trish, Ricky, Jimmy, Misty, April Erickson, my cousin Robert Tino Erickson, Uncle David Erickson or long time friend Bill Mancuso. Counsel ineffective in securing impartial Jury (Sheriff "Les Stiles" was Forman). Ineffective in change of venue; Statute of limitations do to the case in 1990 with C.S.D. questioning [the victim]; dismissing inadmissible evidence (I did not talk to O.S.P. about this case); incompetent Judge; securing digital recording for trial; A(10) Trial counsel was ineffective in securing Jury during trial. A(11) Trial counsel was ineffective in cross-examination of Terri Hodel. A(12) Trial Counsel was ineffective in securing public trial. A(13) Trial Counsel was ineffective in involving petitioner in second non secret indictment in front of Grand Jury- Petitioner further alleges that he was denied effective assistance of Appellate Counsel in violation of Article 1, Section 11 of Oregon Constitution and the Six Amendment of the United States Constitution and *Strickland v. Washington* in the following manner; B(1) Appellate counsel was ineffective in failure to include in appeal the fact that the trial judge dismissed the Statue of Limitation C.S.D. talk to Christine Jensen in 1991, and UTAH STATE POLICE Mr. Jensen, talk to me in 1994 telling me I was not leaving Utah with [the victim]

because of said statements all of which I was charged with here.

**Ground Five**:  Post-Conviction Attorney Mr. Mordini was ineffective in representation.
**Supporting Facts**:  Mr. Mordini did not get an investigator even after being told in open court I needed one the sandbagger did nothing accept asked the court to dismiss so he could get rid of me and the case.

This Court appointed counsel to represent Petitioner shortly after Petitioner filed his *pro se* Petition.[4]  In response to the *pro se* Petition, Respondent argued that Petitioner procedurally defaulted all of the claims for relief alleged in Grounds One through Four, and that Ground Five failed to state a claim upon which habeas corpus relief may be granted.  Counsel for Petitioner filed a Brief in Support of Petition for Writ of Habeas Corpus addressing only Petitioner's claims that he was denied effective assistance of trial and appellate counsel based on their failure to determine, raise, and argue that the applicable statute of limitations barred the prosecution of conduct which occurred before September 29, 1988.  Specifically, Petitioner argued trial counsel was ineffective for failing to present three discrete statute of limitations arguments in the trial court:  (1) trial counsel was ineffective in failing to argue that the statute of limitations had

_____

[4]Petitioner filed his *pro se* Petition on August 13, 2012, along with a motion for appointment of counsel.  On September 14, 2012, the Court issued a Habeas Corpus Scheduling Order.  On September 26, 2012, the Court issued an Order granting Petitioner's Motion for Appointment of Counsel.  On September 27, 2012, Respondent filed an Acceptance and Acknowledgment of Service.

expired as to all of the indicted counts and the limitations period could not be revived by statutory amendments in 1989 and 1991; (2) trial counsel was ineffective in failing to adequately argue that the definition of "other governmental agency" in Or. Rev. Stat. §131.125 refers to those with an obligation to report child abuse under mandatory reporting laws, including teachers, and that Utah has a mandatory reporting law similar to Oregon's, and that the victim's disclosure to a Utah teacher triggered the running of the limitations period; and (3) trial counsel was ineffective for failing to argue that the extension of the statute of limitations in Or. Rev. Stat. § 131.125 that occurred in 1989 and 1991 did not extend to attempted crimes.

Petitioner conceded he procedurally defaulted his ineffective assistance claims. He argued, however, that habeas review was available under *Martinez v. Ryan*, 132 S. Ct. 1309 (2012). In the alternative, Petitioner argued federal review is not precluded by procedural default because the state rule applied to dismiss Petitioner's state PCR petition was not independent and adequate and the PCR corrective process was otherwise ineffective. Finally, Petitioner argued the procedural default should be excused because he is actually innocent of the sentences imposed on the limitations-barred conduct.

In a Reply to Petitioner's Brief in Support, Respondent argued the claims briefed by Petitioner did not correspond to any claims

actually set forth in the Petition for Writ of Habeas Corpus and, as such, were not properly before the Court. Respondent further argued that Petitioner failed to meet his burden of proof on his unbriefed claims, that those claims argued were procedurally defaulted, and that the procedural default was not excused under either *Martinez v. Ryan* or actual innocence.

Petitioner filed a Sur-Reply to Respondent's Reply countering Respondent's arguments. Simultaneously therewith, Petitioner filed a Motion and Memorandum in Support For [sic] Leave to File Amended Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus (#71). The proposed Amended Petition purports to incorporate Grounds One through Five contained in the original *pro se* Petition, and to add the following Grounds Six through Twelve:

> **Grounds Six-Nine:** Petitioner was denied his 6th and 14th Amendment rights to effective assistance of counsel and to due process and against ex post facto application of laws (pursuant to Article 1 Section 10) when the court denied and counsel (both trial and appellate) failed to otherwise object to or effectively object to the state's prosecution of the crimes after the statute of limitations had expired which provided amnesty from conviction.
> **Supporting Facts:** Counsel failed to conduct the necessary research to learn and argue that a three year statute of limitation was amended to retroactively extend the limitations period for sex crimes against minors.
>
> Instead, counsel argued that the extended limitations period of the 1991 amendment expired in 1999, which was six years after [the victim] told a teacher in Utah that she had been molested by [Petitioner]. The court erred in responding to even this limited argument when it ruled that a school counselor in Utah had no statutory duty to report the alleged abuse. However, trial counsel failed to argue that those with a duty under state law,

13 - OPINION AND ORDER -

including those with a duty under Utah law were an "other governmental agency" triggering the six year limitation period which expired no later than 1999. Moreover, counsel failed to investigate and argue that a prior "disclosure" [the victim] made to a social worker in Oregon, a mandatory reporter under Oregon law.

Counsel also failed to argue an open interpretation of the relevant statute of limitations that was resolved in 2010, which was applicable to the 1991 attempted rape count. That conduct was also subject to the three year statute of limitations because "attempts" were not included in the extended limitations period made applicable to sex crimes against minors. Appellate counsel should have raised this issue as plain error on appeal.

Therefore, the relevant statute annexed to six counts of sodomy and seven counts of sexual abuse[5] and the attempted rape provided a three year statute of limitations and the state's prosecution of [Petitioner] in 2003 was barred as to those. [Petitioner] had absolute amnesty from prosecution and punishment for those offenses.

Moreover, the statute annexed to the two remaining counts of sodomy and sexual abuse occurring in the Spring of 1989 provided a six year limitation from the date of the disclosure to a mandatory reporter which would have been 1999 and the prosecution of those offenses was also barred. Although trial counsel argued the six year limitation had expired, appellate counsel failed to assign error to the court's ruling. Appellate counsel failed to conduct the necessary research to learn and argue that the court of appeals decision in the trial court's decision was learn [sic] and assert the even after the Court of Appeals decision in *State v. Walker*, 192 Or. App. 353, 548-49, which issued before [Petitioner's] appellate brief was filed directly contradicted the trial court's ruling and provided a ground for reversal.

_____

[5]As noted above, Petitioner was actually charged with and convicted of five counts each of Sodomy in the First Degree and Sexual Abuse in the First Degree, and one count of Attempted Rape in the First Degree.

**Ground Ten:** Petitioner is actually innocent of his convictions and sentences.
**Supporting Facts:** Because the applicable statute of limitations had expired prior to the state's filing of the charges against [Petitioner] had an amnesty from prosecution, conviction and punishment.

**Ground Eleven and Twelve:** Petitioner was denied . . . his 6th and 14th Amendment rights to notice, confrontation and to present a defense and due process when the state withheld exculpatory evidence.
**Supporting Facts:** The state failed to disclose evidence that it and/or any mandatory reporter had notice of [the victim's] allegations against Petitioner prior to 1999.

Respondent objected to the motion to amend because Petitioner improperly attempted to incorporate by reference the claims alleged in Grounds One through Five from the original *pro se* Petition and because the claims alleged in proposed Grounds Six through Twelve are untimely.

Petitioner also filed a Motion for Authorization to Issue Subpoena Duces Tecum. Petitioner sought to issue a subpoena to the Oregon Department of Human Services Custodian of Public Records to produce records pertaining to a collateral 1991 child abuse investigation which may have involved the victim in this case. Respondent objected on the basis that Petitioner could not establish "good cause" for the discovery.

On March 25, 2015, this Court issued an Opinion and Order denying habeas corpus relief. Therein the Court concluded Petitioner procedurally defaulted his ineffective assistance of counsel claims. Based upon a then-recent Oregon Supreme Court case, *Ogle v. Nooth*, 355 Or. 570, 589, 330 P.3d 572 (2014), the

15 - OPINION AND ORDER -

Opinion and Order determined that the PCR trial court's grant of summary judgment to the state pursuant to Or. Rev. Stat. § 138.580 was a decision on the merits of Petitioner's claims. Because, however, Petitioner did not present any of his claims on appeal, the Opinion and Order concluded he procedurally defaulted those claims. Since the default occurred at the appellate stage of the PCR proceedings, the Opinion and Ordered noted that *Martinez* could not apply to excuse the procedural default. Finally, the Opinion and Order denied the Motion to Amend as futile (because of the procedural default) and denied the Motion to Issue Subpoena Duces Tecum because Petitioner could not demonstrate good cause (again, in light of the procedural default).

Petitioner appealed, and the Ninth Circuit Court of Appeals reversed on the basis that Petitioner's procedural default occurred at the PCR trial stage and the PCR trial judge's decision to grant summary judgment was "not a decision on the merits." *Erickson v. Courtney*, 702 Fed. Appx. 585, 587 (2017).[6] The Court of Appeals went on to note that Petitioner "appears to meet the requirements for the *Martinez* exception" because "at least one of [Petitioner's]

_____

[6]District Judge Roger T. Benitez of the Southern District of California, who was sitting by designation, dissented. Judge Benitez stated that, in his view, "the federal district court correctly decided that the state court decision was a decision on the merits." *Id*. at 589.

statute-of-limitations arguments has some merit."[7] *Id.* at 588 n.2. Accordingly, the Court of Appeals reversed and remanded the case for further proceedings.

On remand, this Court entered an order withdrawing that portion of the Opinion and Order denying Petitioner's Motion for Leave to Amend and directing the parties to submit additional argument thereon. Petitioner filed a Supplemental Motion for Leave to Amend Petition addressing four issues: (1) whether an amendment is necessary for this Court to resolve the merits of the traversed claims; in other words, did Petitioner's *pro se* claims, liberally construed, present the claims set forth in Grounds 6-9 of the proposed Amended Petition; (2) whether, if the claims alleged in Grounds 6-9 and 10 of the proposed Amended Petition are considered "new claims," do those claims relate back to the *pro se* Petition; (3) whether Petitioner is entitled to discovery on the claims alleged in Grounds 6-9 of the proposed Amended Petition[8]; and (4) if the claims alleged in Grounds 6-9 of the proposed Amended Petition do not relate back, whether Petitioner is entitled to statutory or equitable tolling of the statute of limitations based on the "abandonment" of PCR counsel and/or his innocence.

---

[7]The Court of Appeals, however, did not provide any guidance as to which issue(s) might have "some merit."

[8]Although Petitioner identified this as an issue before the Court, Petitioner did not advance any argument, and Respondent did not address it.

In response to Petitioner's Supplemental Motion, Respondent waived any defense to Petitioner's claim that trial counsel provided ineffective assistance when he failed to argue against an extension of the statute of limitations in Or. Rev. Stat. § 131.125 that occurred in 1989 and 1991 because it did not extend to "attempted" crimes. As the Oregon Court of Appeals held in another case, "[b]ecause ORS 131.125(2) does not expressly provide for an extended statute of limitations for attempted rape in the first degree, . . . [i]f trial counsel had filed a motion to dismiss the attempted rape charge for failure to comply with the three-year statute of limitations under Or. Rev. Stat. § 131.125(6), the charge would have been dismissed." *Lamb v. Coursey*, 238 Or. App. 647, 656 (2010), *rev. denied*, 350 Or. 230, 253 P.3d 1079 (2011). Accordingly, Respondent requests this Court to vacate Petitioner's conviction and sentence of 90 months on Count 11, Attempted Rape in the First Degree.[9]

_____

[9]The Court notes Petitioner contends the remedy offered by Respondent is insufficient, because Petitioner is "entitled to a new trial without the sensational allegation of an alleged rape." Petitioner does not, however, cite any authority in support of this argument. When one of several convictions is vacated upon agreement of the parties, the appropriate remedy is not necessarily a remand of the entire case to the state court. *See Wilkinson v. Dotson*, 544 U.S. 74, 85 (2005) (Scalia, J., concurring) ("when a habeas petitioner challenges only one of several consecutive sentences, the court may invalidate the challenged sentence even though the prisoner remains in custody to serve the others); *Moon v. Coursey*, Case No. 3:10-cv-00616-BR, 2016 WL 4059659, at *12 (D. Or. July 23, 2016) (vacating conviction of Kidnaping in the First Degree, but leaving intact conviction and sentence for murder); *Gillespie v. Taylor*, Case No. 2:14-cv-00062-JE, 2016 WL 1588394, at

Respondent also argues that the *pro se* Petition is not entitled to a liberal construction because Petitioner had the benefit of appointed counsel, and the *pro se* Petition does not allege the claims set forth in Grounds 6-9 of the proposed Amended Petition, that the claims alleged in Grounds 6-9 of the Proposed Amended Petition are untimely and do not relate back to the *pro se* Petition, and that the proposed Amended Petition is unduly delayed and would prejudice Respondent. Respondent also argues Petitioner is not entitled to equitable tolling of the limitation period.

At this juncture of the proceeding, there are three outstanding issues to resolve involving Petitioner's claims that trial counsel provided ineffective assistance in presenting a statute of limitations defense.[10] First, whether the grounds for relief alleged in Petitioner's *pro se* Petition can be liberally construed to allege the claims Petitioner's counsel would now argue to the Court, such that amendment of the Petition would not be necessary. Second, if the *pro se* Petition is not liberally

---

*1 (D. Or. April 18, 2016) (vacating conviction for a single count in a multi-count conviction and ordering respondent to re-calculate the petitioner's sentence in accordance with the court's order).

[10]Petitioner's claims of ineffective assistance of appellate counsel are no longer at issue, because the default of those claims could not be excused under *Martinez*. *See Davila v. Davis*, 137 S. Ct. 2058, 2063 (2017) (declining to extend the exception in *Martinez* to allow federal courts to hear defaulted claims of ineffective assistance of appellate counsel). Likewise, the trial error claims alleged in Grounds Eleven and Twelve were defaulted at the direct appeal stage of Petitioner's state court proceedings, and that default also cannot be excused under *Martinez*.

construed to allege those claims, whether Petitioner's Motion for Leave to File an Amended Petition to assert the claims should be granted. The gravamen of this issue is whether the claims of ineffective assistance of trial counsel alleged in Grounds Six through Nine and the actual innocence claim alleged in Ground Ten would relate back to the original *pro se* Petition. If not, amendment would be futile because the claims are untimely. Finally, at issue with the proposed amendment is whether the Court should find the interests of justice would not be served thereby because of undue delay and prejudice to the Respondent.[11]

## DISCUSSION

### I. Construction of the *Pro Se* Petition

In his original *pro se* Petition, in the section of the Petition entitled "Grounds for Relief," Petitioner alleged as Ground Four the "[d]enial of effective assistance of counsel" based on "Statute of limitations d[ue] to the case in 1990 with C.S.D. questioning [AI]." In his original counseled Brief in Support Petitioner did not address the C.S.D. investigation. Instead, he presented a legal argument that trial counsel was ineffective for failing to argue that the statute had expired as to all conduct alleged to have occurred before September 29, 1988, because application of the statutory amendments to Petitioner's conduct

---

[11]Because the Court finds the proposed amendments relate back, the Court need not address Petitioner's argument that the limitation period was equitably tolled.

would be an *ex post facto* violation.[12]  In his proposed Amended
Petition and subsequent briefing, Petitioner also contends trial
counsel inadequately argued that the 1991 version of the statute of
limitations should have barred the prosecution because the victim's
disclosure to a school counselor in Utah was a report to a
"mandatory reporter."  Respondent argues that the claims argued in
Petitioner's briefing and alleged in his proposed Amended Petition
are not properly before the Court because Petitioner did not allege
them in his original *pro se* Petition as required by Rule 2 of the
Rules Governing Sec. Habeas Petitions, 28 U.S.C. foll. § 2254.[13]

Petitioner argues that any doubt about the scope of
Petitioner's claims should be resolved in his favor because of the
Court's duty to liberally construe *pro se* pleadings.  To the extent
that there is any ambiguity, he contends, the *pro se* Petition
claims should be construed in the context of what Petitioner
included in the section of the petition entitled "Post-Conviction

_____

[12]Petitioner also argued trial counsel failed to argue that the
statute had expired as to the attempted rape count but, as noted,
Respondent has waived any defense to this issue and conceded the
conviction and sentence on this count should be vacated.

[13]Rule 2 provides that a Petition for Writ of Habeas Corpus
filed pursuant to 28 U.S.C. § 2254 must:

(1) specify all the grounds for relief available to the
petitioner; [and]
(2) state the facts supporting each ground.

Rule 2, Rules Governing Section 2254 Habeas Cases, 28 U.S.C. foll.
§ 2254.

Relief," where he described the claims alleged to the PCR trial court (in pertinent part) as follows: "A(6) Trial counsel was ineffective in argument against States dismissal of State Law in Statute of Limitations."

Certainly, courts have a duty to construe *pro se* pleadings liberally. *Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003). However, "[w]here petitioner enjoyed the benefit of appointed counsel almost from the inception of [the] case, it is doubtful that he is entitled to the liberal construction" of the petition sought. *Severy v. Oregon Board of Parole and Post-Prison Supervision*, Case No. 6:16-cv-01482-MO, 2017 WL 3568399, at *2 (D. Or. Aug. 16, 2017) (footnote omitted);[14] *see also Harwood v. Hall*, Case No. 6:15-cv-00970-HZ, 2017 WL 3709068, at * 2, fn 2 (D. Or. Aug. 28, 2017 (where petitioner asserted the court should liberally construe his *pro se* petition to state the claim argued in his counseled brief, District Judge Marco Hernandez noted he specifically appointed the Federal Public Defender's Office at the outset of the case to give the petitioner every opportunity to amend his petition to state clearly any claims he and his attorney

---

[14]In *Severy*, Chief District Judge Michael Mosman nevertheless considered the claims argued as sufficiently pleaded but found they were procedurally defaulted. This Court originally did effectively the same thing, finding that Petitioner procedurally defaulted all of his ineffective assistance of trial counsel claims (whether properly pleaded or not) by failing to present them on appeal in the PCR proceeding, the decision which the Ninth Circuit reversed.

wished to argue and noting it was incumbent upon appointed counsel to review the petition and file an amended pleading if appropriate so as to avoid unnecessary confusion over the claims), *appeal dismissed by* 2018 WL 1276753 (9th Cir. 2018). Moreover, even if the appointment of counsel immediately after the filing of a *pro se* petition does not relieve the Court from the obligation to liberally construe a *pro se* petition, the Court is still not required to consider a claim not raised in the petition. *Morales v. Belleque*, Case No. 3:11-cv-00011-AC, 2012 WL 3705012, at * 2-3 (D.Or. July 3, 2012) (where *pro se* petition identified specific grounds for relief, and also included a separate state court history section, Magistrate Judge John Acosta declined to read the state procedural history into the grounds for relief), *report and recommendation adopted,* 2012 WL 3704813 (D. Or. Aug. 25, 2012).

The Court declines to construe the original *pro se* Petition to encompass the claims argued in Petitioner's briefing and his proposed Amended Petition. As such, the Court will turn to the question whether to allow the proposed amendment.

## II. Relation Back of the Proposed Amended Petition

In the alternative to construing the *pro se* Petition liberally to allege the claims argued by counsel, Petitioner contends that the ineffective assistance of trial counsel claims alleged in Grounds Six through Nine and the claim of actual innocence in Ground Ten of the Amended Petition (which he concedes is not timely

23 - OPINION AND ORDER -

under 28 U.S.C. § 2244) would relate back to the filing date of the original *pro se* Petition.

An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions." 28 U.S.C. § 2242. Under Federal Rules of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course under circumstances not extant in this case, and otherwise may do so with leave of the court. Fed. R. Civ. P. 15(a)(2); *Mayle v. Felix*, 545 U.S. 644, 648 (2005). Under Rule 15(c), a petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading. *Mayle*, 545 U.S. at 656 (citing Fed. R. Civ. P. 15(c)).

In *Mayle*, the Supreme Court held that claims raised in an amended habeas corpus petition filed after expiration of the limitations period relate back to claims raised in a timely petition only if the claims "are tied to a common core of operative facts." *Id*. at 664. The fact that the claims arise from the same trial, conviction, or sentence, without more, is insufficient to support relation back of the claims. *Id*. New claims do not relate back if they depend upon events separate in both "time and type" from those set forth in the original pleading. *Id*. at 650. The

common core of operative facts must not be viewed at too high a level of generality, and an "occurrence" will consist of each separate set of facts that supports a ground for relief. *Id.* at 653; *see also Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013) (the "time and type" language in *Mayle* "refers not to the claims, or grounds for relief," but "to the facts that support those grounds").

In *Mayle*, the Court held that an amended claim of Fifth Amendment right against self-incrimination concerning the admission of the petitioner's interrogation statements was not tied to a common core of operative facts presented by the original Sixth Amendment confrontation claim concerning the admission of a video-taped interview of a witness. The Court distinguished the proposed amendment in *Mayle* from an amendment allowed in *Tiller v. Atlantic Coast Line R. Co.*, 323 U.S. 574, 580-81 (1945). In *Tiller*, the complainant alleged a new legal theory not suggested by the amended complaint. The amended claim related back, however, because the complaint in *Tiller* was "but one episode-in-suit," a worker's death attributed from the start to the railroad's failure to provide its employee with a reasonably safe place to work." *Mayle*, 545 U.S. at 660. In contrast, the Court noted in *Mayle* that the petitioner "targeted separate episodes, the pretrial police interrogation of [a witness] in his original petition, and his own interrogation at a different time and place in his amended petition." *Id.*

Petitioner argues that the "episode" at issue here is akin to that in *Tiller*, *i.e.*, counsel's ineffectiveness in raising Oregon's statute of limitations law in defense against the charges was one "episode." In support of this argument, Petitioner cites *Rodriguez v. Adams*, 545 Fed. Appx. 620 (2013). There, the petitioner's original claim filed in his timely *pro se* petition alleged ineffective assistance of trial counsel based on counsel's failure to investigate three named witnesses who were present during the incident. The Ninth Circuit found the district court correctly held that a later, untimely claim that counsel was ineffective for failure to investigate two additional witnesses who were present related back because all of the individuals were "potential percipient witnesses who were present at the same underlying event" and the new claim did not, therefore, "'assert[] a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth.'" *Id.* at 622 (quoting *Schneider v. McDaniel*, 674 F.3d 1144, 1150 (9th Cir. 2012) (additional citation omitted).

Respondent counters that the claims in Petitioner's original *pro se* Petition and his ineffective assistance of trial court error claims in Grounds Six through Nine of the proposed Amended Petition do not share a common core of operative facts. In the original *pro se* Petition, the only pertinent allegation of ineffective assistance of trial counsel was "[s]tatute of limitations d[ue] to

the case in 1990 with C.S.D. questioning [AI]. Respondent contends that, by its terms, the claim is limited to error by counsel for failing in some capacity related to an unidentified C.S.D. investigation in 1990. As such, Respondent contends, it does not encompass counsel's failure to argue that the statute of limitations had expired as to all counts and the limitations period could not be revived by amendment or to counsel's failure to argue that the definition of "other governmental agency" in Or. Rev. Stat. § 131.125 is inclusive of mandatory reporters in any other state, whether reported to Oregon or not (and that the Utah school counselor was a "mandatory reporter").

Respondent relies upon cases holding that the mere fact that both the original and proposed amended petitions allege ineffective assistance of counsel is insufficient to establish relation back. *See Schneider*, 674 F.3d at 1151 (rejecting argument that "common core of operative facts" can be found merely because original claims and new claims may both involve ineffective assistance of counsel, as accepting such a theory would "eviscerate" *Mayle*); *United States v. Ciampi*, 419 F.3d 20, 24 (2005) (providing that "a petitioner does not satisfy the Rule 15 'relation back' standard merely by raising some type of ineffective assistance in the original petition, and then amending the petition to assert another ineffective assistance claim based upon an entirely distinct type of attorney malfeasance").

The Court finds the allegations of ineffective assistance of trial counsel in the proposed Amended Complaint do relate back to the timely-filed *pro se* Petition. The "core of operative facts" here is the running of the statute of limitations for the crimes for which Petitioner was convicted; regardless of the legal theory upon which one argues the limitation period ran prior to the indictment, the "fact" upon which Petitioner's claim is based is that the time to prosecute Petition ran out, and that trial counsel provided ineffective assistance of counsel by failing to present legal arguments supporting that fact. Moreover, Petitioner's claim of actual innocence in Ground Ten is based upon the same core fact, the asserted running of the statute of limitations, and that claim relates back as well.

### III.    Undue Delay and Prejudice

Respondent argues that, even if the proposed Amended Petition relates back to the *pro se* Petition, the Court should deny Petitioner's request to amend based upon undue delay and prejudice. Under Rule 15(a), "the court should freely give leave [to amend] when justice so requires."    Factors to be considered when ruling on a motion to amend a habeas corpus petition include bad faith, undue delay, and prejudice to the opposing party.    *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995).

In this case, it does not appear Petitioner seeks leave to amend in bad faith or with undue delay. As noted above, Petitioner

presented arguments on the proposed amended claims from the outset of briefing, so it is not a situation where Respondent only became aware of the arguments late in the proceedings. Moreover, the Court rejects Respondent's argument that allowing amendment at this juncture would burden and prejudice limited resources of both Respondent and the Court. By virtue of the remand from the Court of Appeals, this matter would continue on the claim alleged in the original *pro se* Petition in any event. The additional legal theories advanced in the Amended Petition will not prove an unjust burden.

## CONCLUSION

For these reasons, the Court GRANTS IN PART and DENIES IN PART Petitioner's Supplemental Motion for Leave to Amend Petition (ECF No. 112). The Court GRANTS the Motion to the extent that Petitioner may allege the ineffective assistance of trial counsel claims alleged in Grounds Six through Nine and the actual innocence claim alleged in Ground Ten. The Court DENIES the motion as to the remaining grounds for relief in the proposed Amended Petition.

Upon the filing of an Amended Petition, the Court will set a telephone status conference with counsel to determine further briefing and/or motion scheduling.

IT IS SO ORDERED.

DATED this __31st__ day of May, 2018.

_____
ANNA J. BROWN
United States Senior District Judge