IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

THOMAS GERALD ERICKSON,

        Petitioner,

    v.

RICK COURTNEY, Superintendent,
Eastern Oregon Correctional Institution,

        Respondent.

Case No. 2:12-cv-01466-IM

**OPINION AND ORDER**

**IMMERGUT, District Judge.**

Petitioner Thomas Gerald Erickson ("Erickson"), an inmate at the Eastern Oregon

Correctional Institution, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254.

Erickson raises multiple grounds for relief premised on the assertion that his prosecution was

time barred. For the reasons set forth below, this Court DENIES Erickson's Amended Petition

(ECF No. 126) as to all grounds except ground seven.[1] Respondent concedes that Erickson's

---

[1] There is considerable confusion regarding the numbering of Erickson's grounds for
relief as evidenced by the parties' briefing. This Court addresses the grounds as they are
numbered in Erickson's Amended Petition (ECF No. 126) and referenced in his Suppl. Br. in
Supp. of the First Am. Pet. (ECF No. 145) at 3-5 and his Second Suppl. Br. in Supp. of First Am.

PAGE 1 – OPINION AND ORDER

conviction for attempted rape should be vacated. Resp't Resp. to Supp. and Second Supp. Br.

(ECF No. 168) at 3. Accordingly, this Court GRANTS Erickson's Amended Petition as to

ground seven and VACATES Erickson's conviction only for Attempted Rape in the First Degree,

as alleged in count eleven of the indictment in Deschutes County Circuit Court case no.

03FE0823ST.

## BACKGROUND

### I.   Erickson's Trial

On July 8, 2003, a grand jury returned an indictment charging Erickson with five counts

of Sodomy in the First Degree, five counts of Sexual Abuse in the First Degree, and one count of

Attempted Rape in the First Degree. Resp't Exs. (ECF No. 25), Ex. 102. The indictment alleged

that Erickson sexually assaulted his daughter "A.I." between October 3, 1986 and April 23, 1992.

Resp't Ex. 102, Resp't Ex. 104 at 17-23. A.I. was under the age of twelve when the abuse

occurred. Resp't Ex. 102. A.I. delayed disclosing the abuse to Oregon officials until she was in

high school. Resp't Ex. 104 at 167-71. She was twenty-one years old at the time of trial. The

Honorable Anna J. Brown previously summarized the evidence and arguments presented at trial

as follows:

> A.I. . . . testified that there were five incidents involving
> four acts of sodomy and five acts of sexual abuse that occurred
> when she visited Petitioner during Christmas of 1987 and through
> her stay into January 1988 at a Browning street residence in
> Sunriver, Oregon. She returned for a visit to the same residence
> around Easter in 1988, and she described three incidents during
> that visit when Petitioner committed two sodomy offenses and two
> sexual abuse offenses. In the spring of 1989, A.I. visited Petitioner
> at a residence on Solar Drive in Sunriver, and she testified that
> Petitioner committed one act of sexual abuse and one act of

Pet. (ECF No. 155) at 2, 10-12.

PAGE 2 – OPINION AND ORDER

sodomy. A.I. testified that the last incident occurred in the Spring of 1991 when she visited Petitioner at the Browning residence and Petitioner tried to rape her by attempting intercourse. A.I. testified that in 1992 and 1993 she told a school counselor in Utah about Petitioner's sexual abuse.

At the end of the state's case, Petitioner's trial counsel moved for a judgment of acquittal on three bases: (1) that the statute of limitations barred the prosecution; (2) that given the victim's lack of specificity regarding three incidents during the Christmas visit, the state failed to prove more than three incidents of sodomy; and (3) that given the confusing testimony as to dates and places the state otherwise failed to provide sufficient proof of all of the incidents. As to the statute of limitations, counsel argued that Or. Rev. Stat. § 131.125(2) required the state to commence the prosecution within 6 years of a report of the offense to law enforcement or other government agency, and that the victim's disclosure to the Utah school counselor in 1992 and 1993 triggered the running of the statute. Specifically, counsel argued that the Utah school counselor qualified as an "other governmental agency." The trial court rejected this argument. The trial judge noted that the argument presented open questions of law and found that the Utah school counselor was not an "other governmental agency" and that the limitations period was not triggered until the State of Oregon received a report. The trial judge also noted that the school counselor likely had a duty not to disclose. The judge denied Petitioner's other bases for acquittal as well.

Petitioner's substantive trial defenses were the statute of limitations and an attack on his daughter's credibility. He called several witnesses to support his argument that she was a pathological liar and manipulator and that she learned those traits to survive a difficult childhood. A.I. experienced extreme poverty living with her drug-using and drug-dealing mother, and she was sexually abused by her step-uncle in 1990. Petitioner argued that A.I. made up the allegations against him because she was resentful that he did not protect her from the neglect and abuse she experienced. He also argued that the timing of A.I.'s allegations were related to her desire to become closer with Petitioner's stepdaughter, then 25-years-old, by supporting the step-daughter's allegation that Petitioner touched her inappropriately sometime before 1990. Several witnesses testified that A.I. had a reputation

>      for untruthfulness, and that she had denied being abused by
>      Petitioner over the years.

Op. and Order (ECF No. 97) at 2-4.

The jury returned a guilty verdict on all counts. Resp't Ex. 101. The trial judge imposed

consecutive 240-month sentences for each count of sodomy, consecutive sixty-month sentences

for each count of sexual abuse, and a ninety-month durational departure sentence for attempted

rape. *Id.*

## II.      State Appellate and Collateral Review

Erickson filed a direct appeal raising two sentencing errors. Resp't Ex. 106. The Oregon

Court of Appeals initially held that the trial court's imposition of a departure sentence was

plainly erroneous because it violated *Blakely v. Washington*, 542 U.S. 296 (2004). *State v.*

*Erickson*, 205 Or. App. 555, 556 (2006). The Oregon Supreme Court reversed and remanded to

the Oregon Court of Appeals to consider whether reaching the unpreserved sentencing error

would advance the ends of justice. *State v. Erickson*, 345 Or. 315, 315 (2008). On remand, the

Oregon Court of Appeals declined to exercise its discretion to review the unpreserved error and

affirmed Erickson's departure sentence. *State v. Erickson*, 227 Or. App. 299, 302-03 (2009). The

Oregon Supreme Court denied review. *State v. Erickson*, 346 Or. 361 (2009).

Erickson subsequently filed a *pro se* petition for state post-conviction relief (PCR),

alleging that trial and appellate counsel rendered ineffective assistance of counsel ("IAC") and

that he was denied his right to a fair trial because (1) a deputy district attorney withdrew from the

case without disclosing why, (2) a second deputy district attorney failed to disclose exculpatory

evidence, and (3) the trial judge admitted evidence of prior bad acts in violation of Erickson's

right to be free from double jeopardy, denied Erickson's motion for change of venue, denied various objections, disregarded the applicable statute of limitations, refused to dismiss Erickson's attorney, and imposed an illegal sentence. Resp't Ex. 118.

The PCR trial court appointed attorney Mark Mordini as counsel for Erickson. Resp't Ex. 119. Mordini subsequently filed a notice that Erickson's *pro se* PCR petition would constitute his formal petition to which the state should answer. Resp't Ex. 122. Counsel did not attach any supporting documentation. *See Id.* The state moved for summary judgment based on Erickson's failure to comply with OR. REV. STAT. § 138.580, requiring that a petitioner attach supporting documentation to his PCR petition. Resp't Ex. 125.[2] The PCR court summarily dismissed the petition. Resp't Exs. 128-29.

On appeal, Erickson's appellate counsel filed a *Balfour* brief certifying in Section A that he could not identify any nonfrivolous issue for appeal.[3] Resp't Ex. 130. Appellate counsel attached a copy of Erickson's *pro se* PCR petition as part of the excerpt of record. *Id.* Erickson did not submit a Section B for the brief. *Id.* at 4-5. The Oregon Court of Appeals affirmed without opinion. *Erickson v. Coursey*, 246 Or. App. 576 (2011). Erickson thereafter filed (1) a *pro se* petition for review complaining that appellate counsel rendered ineffective assistance by failing to file a timely petition for review (Resp't Ex. 132), a motion to recall the appellate judgment (Resp't Ex. 133), and a second *pro se* petition for review again complaining of

---

[2] OR. REV. STAT. § 138.580 requires that "affidavits, records or other documentary evidence supporting the allegations of the petition . . . be attached to the petition."

[3] Pursuant to *State v. Balfour*, 311 Or. 434 (1991), if appointed counsel determines there are no meritorious issues for appeal, counsel files a brief divided into Sections A and B. Counsel completes Section A containing a statement of the case sufficient to apprise the appellate court of the jurisdictional basis for the appeal. If the defendant seeks to raise any issues, he is given the

ineffective assistance of appellate counsel (Resp't Ex. 134). The Oregon Supreme Court granted

the motion to recall the appellate judgment but denied review. Resp't Ex. 135.

## III.    Erickson's Federal Habeas Corpus Proceeding

In Erickson's original habeas petition to this Court, he alleged the following grounds for

relief: (1) prosecutorial misconduct for failing to disclose exculpatory evidence; (2) double

jeopardy; (3) unconstitutionally selected and impaneled jury; (4) ineffective assistance of trial

and appellate counsel; and (5) ineffective assistance of PCR counsel. Pet'r's Habeas Pet. (ECF

No. 1) at 4-5. Respondent moved the Court to deny habeas relief because Erickson procedurally

defaulted grounds one through four by failing to fairly present the grounds to the Oregon

Supreme Court on direct or PCR appeal and because ground five is not cognizable. Resp't Resp.

(ECF No. 23) at 1-2, 5-8.

Petitioner responded in the alternative that (1) the procedural default of his IAC claims is

excused pursuant to the U.S. Supreme Court's holding in *Martinez v. Ryan*, 132 S. Ct. 1309

(2012) (holding that IAC at an initial-review collateral proceeding may establish cause to excuse

a petitioner's procedural default of substantial claims of ineffective assistance of trial counsel

("IATC")); (2) the procedural default of his PCR claims does not preclude habeas relief because

the PCR trial court relied on a state procedural rule that is not independent of the federal question

and adequate to support the judgment; and (3) he has made a colorable showing of actual

innocence. Pet'r's Br. in Supp. at 17-23. Additionally, Erickson moved to file an amended habeas

petition. Pet'r's Mot. to Amend (ECF No. 71).

---

opportunity to include a Section B containing his assignments of error.

On March 25, 2015, Judge Brown issued an Opinion denying Erickson's habeas petition because he procedurally defaulted all grounds raised in both his petition and proposed amended petition. Op. and Order (ECF No. 97) at 16, 20-23. Judge Brown rejected Erickson's assertion that the procedural default of his IAC claims was attributable to the deficient performance of PCR trial counsel such that the default should be excused pursuant to the holding in *Martinez*. *Id.* at 9, 16-22. Additionally, Judge Brown held that she need not decide whether OR. REV. STAT. § 138.580 is an independent and adequate state procedural rule because the PCR trial court rendered a decision on the merits. *Id.* at 16-21 & n. 6. Finally, Judge Brown held that Erickson failed to make a colorable showing of actual innocence. *Id.* at 22-23. Judge Brown declined to issue a certificate of appealability ("COA"). *Id.* at 26; *see* 28 U.S.C. § 2253(c)(1)(A) (providing that an appeal from a final order in a § 2254 proceeding may not be taken unless a judge or circuit justice issues a COA).

On August 28, 2015, the Ninth Circuit granted Erickson's request for a COA with respect to a single issue: whether the district court properly ruled that Erickson procedurally defaulted his claim that trial counsel "rendered ineffective assistance by failing to adequately challenge the prosecution of offenses on the ground they were barred by the statute of limitations." *Erickson v. Courtney*, No. 15-35320, Order (ECF No. 5) at 1; *see* 28 U.S.C. § 2253(c)(3) (providing that a COA "shall indicate which specific issue or issues satisfy the showing required for a COA).

On August 8, 2017, the Ninth Circuit issued a memorandum decision holding that Respondent "effectively conced[ed]" Erickson's argument that his procedural default was excused under *Martinez* and, in any event, "Erickson appears to meet the requirement for the *Martinez* exception" because "[h]is post-trial counsel essentially abandoned him" and "at least

one of Erickson's statute-of-limitations-based IATC arguments has some merit." *Erickson v. Courtney*, 702 F. App'x 585, 588 & n.2 (9th Cir. 2017). The Ninth Circuit reversed and remanded for further proceedings. *Id.*

## IV.    Erickson's Amended Petition

On remand, Judge Brown reconsidered Erickson's motion for leave to file an amended petition. Op. and Order (ECF No. 124). Judge Brown granted Erickson's motion as to proposed grounds six through nine (statute-of-limitations-based IATC claims) and ground ten (a freestanding claim of actual innocence). *Id.* at 29. Judge Brown denied the motion as to the remaining grounds for relief. *Id.*

Erickson subsequently filed an Amended Habeas Petition (ECF No. 126) re-alleging "pro se" grounds one through five and adding grounds six through ten. Specifically, Erickson alleges in his Amended Petition:

> **Ground One**: "Conviction obtained by the unconstitutional failure of the prosecution to disclose to the defendant evidence favorable to the defendant."
>
> **Ground Two**: "Conviction obtained by a violation of the protection against double jeopardy."
>
> **Ground Three**: "Conviction obtained by action of a grand or petit jury which was unconstitutionally selected and impaneled."
>
> **Ground Four**: "Denial of effective assistance of [trial and appellate] counsel."
>
> **Ground Five**: "Post-Conviction Attorney Mr. Mordini was ineffective in representation." "(While not a Ground for Relief the allegation is relevant and is restated)."
>
> **Ground Six through Nine**: "Petitioner was denied his 6th and 14th Amendment rights to effective assistance of trial counsel

when counsel failed to object to, effectively object to or assign plain error to the court's failure to dismiss the state's prosecution of crimes after the statute of limitations had expired."

**Ground Ten**: "Petitioner is actually innocent of his convictions and sentences."

Pet'r's Am. Pet. at 3-6.

## DISCUSSION

### I.     "Pro Se" Grounds One through Five

Respondent urges the Court to deny habeas relief as to grounds one through five because Judge Brown previously dismissed the grounds as procedurally defaulted and denied Erickson leave to add those grounds in his Amended Petition. Resp't Resp. to Supp. and Second Supp. Br. at 1-3. This Court agrees for the reasons set forth below.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1). "[A] petitioner satisfies the exhaustion requirement by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby afford[ing] the state courts a meaningful opportunity to consider allegations of legal error." *Casey v. Moore*, 386 F.3d 896, 915-16 (9th Cir. 2004) (internal quotation omitted); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). "A claim is procedurally defaulted if it was rejected by the state courts based on 'independent' and 'adequate' state procedural grounds, or if it is unexhausted and state procedural rules would now bar the petitioner from bringing the claim in state court." *Rodney v. Filson*, 916 F.3d 1254, 1259 (9th Cir. 2019) (citations and internal quotations omitted); *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A

state prisoner is barred from raising procedurally defaulted claims in federal court unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *Rodney*, 916 F.3d at 1259.

The Ninth Circuit's COA did not extend to Judge Brown's dismissal of grounds one through three, four (to the extent it is directed at appellate counsel) and five. The Ninth Circuit therefore did not address those grounds in its memorandum decision. On remand, Judge Brown denied Erickson's motion to reallege grounds one through five. *See* Op. and Order (ECF No. 124) at 19, n. 10 & 29. Based on this procedural history, this Court concludes that Judge Brown's decision denying these grounds as procedurally defaulted is "law of the case." *See Sechrest v. Ignacio*, 549 F.3d 789, 802 (9th Cir. 2008) (explaining that a court is "generally precluded under the 'law of the case' doctrine from reconsidering an issue that has already been decided by the same court in the identical case"). Additionally, if this Court exercises its discretion to reconsider Erickson's procedural arguments, it would conclude that he procedurally defaulted his available state remedies for the reasons set forth below.

### A.    Ground One

Erickson alleges in ground one that the prosecution failed to disclose exculpatory evidence concerning a 1990 investigation that included allegations that Erickson sexually abused A.I. Pet'r's Am. Pet. at 3; Pet'r's Second Suppl. Br. in Supp. at 8. Erickson argues that this Court should consider his argument, not addressed by Judge Brown, that the PCR trial court's reliance on OR. REV. STAT. § 138.580 does not preclude habeas relief because the state procedural rule is

not independent of federal law and adequate to support the judgment. Pet'r's Reply (ECF No. 176) at 8. The "independent and adequate" state rule doctrine provides that if a state court declines to consider a petitioner's federal constitutional claims based on a state procedural rule, habeas relief is precluded only if the state rule is not interwoven with the federal claim and the rule is clear, consistently applied, and well established at the time of the petitioner's default. *Sechrest*, 549 F.3d at 802; *Murray v. Schriro*, 745 F.3d 984, 1015 (9th Cir. 2014).

This Court need not decide whether OR. REV. STAT. § 138.580 is an independent and adequate state rule because Erickson procedurally defaulted ground one by failing to raise it to the Oregon Supreme Court on appeal from the denial of PCR relief, not by virtue of the PCR court's application of the state procedural rule at the trial level. Accordingly, even if this Court accepts Erickson's argument that OR. REV. STAT. § 138.580 is not an independent and adequate rule, that conclusion would not excuse Erickson's subsequent procedural default on appeal to the Oregon Supreme Court. Similarly, Erickson's argument that his *Balfour* brief fairly presented his federal constitutional claims to the Oregon Court of Appeals does not excuse his procedural default at the Oregon Supreme Court.

## B. Grounds Two and Three

Erickson procedurally defaulted ground two (double jeopardy) and ground three (unconstitutionally selected and impaneled jury) by failing to raise the grounds on direct appeal. Erickson does not argue to the contrary. Accordingly, habeas relief is denied as to those grounds.

## C. Ground Four (Ineffective Assistance of Appellate Counsel)

Erickson alleges in ground four that trial and appellate counsel were ineffective in several respects. To the extent this ground is directed at appellate counsel, Erickson procedurally

defaulted his available state remedies by failing to raise it on appeal from the denial of post-conviction relief. Erickson's procedural default is not excused pursuant to *Martinez* because that exception does not extend to ineffective assistance of appellate counsel claims. *Davilla v. Davis*, 137 S. Ct. 2058, 2065-70 (2017).

This Court also rejects Erickson's argument that his procedural default should be excused pursuant to the independent and adequate state rule doctrine. Erickson procedurally default this claim by failing to raise it to the Oregon Supreme Court on appeal from the denial of PCR relief, not by virtue of the PCR trial court's application of the state procedural rule.

### D. Ground Five

Erickson procedurally defaulted his claim that PCR counsel was ineffective by failing to raise it to the Oregon Supreme Court on appeal from denial of PCR relief. In any event, Erickson concedes that ineffective assistance of PCR counsel is not a cognizable claim. *See* Pet'r's Am. Pet. at 4; *Coleman*, 501 U.S. at 752-53 (holding that ineffective assistance of PCR counsel does not give rise to a constitutional claim). Accordingly, habeas relief is denied as to this ground.

## II. Ineffective Assistance of Trial Counsel (Grounds Four, Six, Seven, Eight, and Nine)

The Ninth Circuit directed this Court to consider the merits of Erickson's statute-of-limitation-based IATC claims. Erickson alleges in grounds four, six, seven, eight, and nine that trial counsel failed to argue that (1) the statute of limitations expired as to all conduct before September 29, 1988, (2) the amendments extending the statute of limitations did not apply to the attempted rape charge, (3) the statute of limitations expired as to conduct in the Spring of 1989 because A.I. reported the abuse to a Utah school counselor six years before the charges were brought, and (4) the statute of limitations was triggered by a 1990 Children Services

Division ("CSD") investigation. Pet'r's Am. Pet. at 4-6. This Court considers Erickson's new evidence when addressing the merits of these grounds. *See Jones v. Shinn*, No. 18-99006, 2019 WL 6442931, at *2 (9th Cir. Nov. 29, 2019) (holding that habeas court may consider new evidence presented by a petitioner at a *Martinez* hearing to grant habeas relief on the underlying claim).

## A.    Standards

Pursuant to 28 U.S.C. § 2254(d), a district court shall not grant a petition for writ of habeas corpus filed by a state prisoner, with respect to any claim that was adjudicated on the merits in state court, unless the adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. *Harrington v. Richter*, 562 U.S. 86, 100 (2011). A state court unreasonably applies clearly established federal law under § 2254(d)(1), if its decision is so lacking in justification that there is an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. *Id.*; *Woods v. Sinclair*, 764 F.3d 1109, 1121 (9th Cir. 2014).

In *Strickland v. Washington*, 466 U.S. 668, 687-88, 694 (1987), the Supreme Court held that in order to prevail on a Sixth Amendment IATC claim a habeas petitioner must prove that counsel's performance fell below an objective standard of reasonableness, and there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id.* at 686; *Cullen v. Pinholster*,

563 U.S. 170, 189 (2011). When considering an IAC claim, this Court's scrutiny of counsel's performance is highly deferential, and the Court "'must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Knowles v. Mirzayance*, 556 U.S. 111, 124 (2009) (*quoting Strickland*, 466 U.S. at 689); *Richter*, 562 U.S. at 104.

"Counsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Benmore v. Chappell*, 788 F.3d 1151, 1162-63 (9th Cir. 2015). "[A] tactical decision may constitute constitutionally adequate representation even if, in hindsight, a different defense might have fared better." *Id.* However, "'[a]n attorney's ignorance of a point of law that is fundamental to his case combined with his failure to perform basic research on that point is a quintessential example of unreasonable performance under *Strickland*.'" *Hernandez v. Chappell*, 923 F.3d 544, 550 (9th Cir. 2019), *petition for cert. docketed* (Sept. 27, 2019), *quoting Hinton v. Alabama*, 571 U.S. 263, 274 (2014).

**B. Analysis**

    **1.    Failure to Argue that the Statute of Limitation Expired as to All Conduct that Occurred before September 29, 1988 (Ground Six)**

Erickson was charged with sexually assaulting A.I. between October 3, 1986 and April 23, 1992. Resp't Ex. 102, Resp't Ex. 104 at 17-23. Prior to 1989, OR. REV. STAT. § 131.125 provided that the statute of limitations for felony offenses other than murder and manslaughter was three years. 1973 Or. Laws 2706. In 1989, the statute was amended to lengthen the limitation period to six years for certain felonies, including sodomy in the first degree and sexual abuse in the first degree, if the victim, at the time of the crime was under eighteen years of age. 1989 Or.

Laws 1451. The amendment took effect on October 3, 1989. *State v. Cookman*, 324 Or. 19, 23 (1996).

In 1991, the legislature again amended the statute to provide that a prosecution for sodomy in the first degree or sexual abuse in the first degree "may be commenced within six years after the commission of the crime or, if the victim, at the time of the crime was under 18 years of age, anytime before the victim attains 24 years of age, *or within six years after the offense is reported to a law enforcement agency or other governmental agency*, whichever occurs first." 1991 Or. Laws 632 (emphasis added). The amendment took effect on September 29, 1991. *State v. Cookman*, 127 Or. App. 283, 285 (1994).

Erickson contends that trial counsel was ineffective for failing to "learn and argue" that the applicable statute of limitations expired "for all conduct occurring before September 29, 1988 (three years before the effective date of the 1991 amendment)." Pet'r's Supp. Br. at 3. Erickson's argument is premised on two propositions: (1) the 1989 amendment did not extend the limitation period to six years for offenses committed before its effective date of October 3, 1989, and (2) the 1991 amendment did not *revive* expired offenses. Pet'r's Br. in Supp. (ECF No. 40) at 14; Pet'r's Supp. Br. at 3. Erickson argues that had counsel "sought a ruling on the limitation issue prior to trial [it] would have led to the dismissal of all but one count of sexual abuse and one count of sodomy alleged to have occurred in the Spring of 1989." Pet'r's Br. in Supp. at 15.

Erickson's argument fails at the first step. Erickson relies on *State v. Tyler*, 108 Or. App. 378 (1991) to support his argument that the 1989 amendment does not apply to offense committed before its effective date. Pet'r's Br. in Supp. at 11. This Court finds *Tyler* distinguishable. In *Tyler*, the three-year limitation period had expired before the 1989 amendment

lengthened the limitation period to six years. *Tyler*, 108 Or. App. at 380. The court held that the

1989 amendment did not apply because "[a]pplying the extended limitation period . . . would

impair [the] defendant's right to be free from prosecution that had *already inured by expiration*

*of the period in the old statute.*" *Id.* at 381 (emphasis added). In so holding, the court noted that it

was not addressing "the statute's applicability to cases that were not barred when the statute was

amended." *Id.*, n. 2.

In *State v. Dufort*, 111 Or. App. 515, 517 (1992), the Oregon Court of Appeals

recognized that the 1989 amendment failed to distinguish between prosecutions for crimes

committed before and after the amendment was enacted, but concluded that it was "consistent

with the purpose of this legislative change, and with pertinent case authority, to conclude that the

amended Statute of Limitations is not retroactive legislation and that it applies to incidents of

sexual abuse that had not yet been barred under the previous statute." *Id.* at 520. The Oregon

Court of Appeals distinguished its holding in *Tyler* as follows:

> In *State v. Tyler*, we held that an extended limitation period did not
> apply to a criminal prosecution where the shorter period had
> expired before the longer period was enacted. We specifically
> noted there that we were not deciding the statute's application
> when the action was not barred at the time that the statute was
> amended. As pointed out in an often quoted statement by Judge
> Learned Hand:
>
>> Certainly it is one thing to revive a prosecution
>> already dead and another to give it a longer lease of
>> life. The question turns upon how much violence is
>> done to our instinctive feelings of justice and fair
>> play. For the state to assure a man that he has
>> become safe from its pursuit, and thereafter to
>> withdraw its assurance, seems to most of us unfair
>> and dishonest. But, while the chase is on, it does not

> shock us to have it extended beyond the time first
> set, of, if it does, the stake forgives it.

*Id.* at 519, n.3 (citations omitted). Oregon cases have consistently distinguished between the application of a statutory amendment to revive an already lapsed prosecution as opposed to an unexpired prosecution. *See Cookman*, 324 Or. at 32; *State v. Parker*, 119 Or. App. 105, 110 (1993).[4]

In the instant proceeding, Erickson's offenses were not time barred when the 1989 amendment became effective on October 3, 1989. Hence, application of the 1989 amendment extending the limitation period to six years did not resurrect a lapsed prosecution. The six-year limitation period adopted in 1989 expired no earlier than October 3, 1992. The 1991 amendment was enacted before the six-year limitation expired on Erickson's crime and therefore did not operate to "revive" an expired prosecution.

Accordingly, trial counsel's failure to argue that the statute of limitation expired as to all conduct that occurred before September 29, 1988, did not fall below an objective standard of reasonableness. At the time of Erickson's trial, the Oregon Court of Appeals had already rendered its decision in *Dufort* foreclosing the argument. For the same reason, Erickson has not demonstrated that there is a reasonable probability that, but for counsel's failure to make the argument, the result of the proceeding would have been different. Accordingly, habeas relief is

---

[4] This Court is not convinced by Erickson's argument that the holding in *Dufort* is inconsistent with the Oregon Supreme Court's statement in *State v. Wimber*, 315 Or. 103, 106 n. 4 (1992), that OR. REV. STAT. § 131.125 "was not made retroactive until 1991." *See* Pet'r's Reply (ECF No. 176) at 2-4. In *Wimber*, the court was not discerning legislative intent and likely was referring to the fact that the statute was not *expressly* made retroactive to revive a time-barred offense until 1991.

not warranted. *See Strickland*, 466 U.S. at 687-88, 694 (explaining two-prong analysis for IAC claims).

### 2. Failure to Argue that the Statute of Limitations Expired as to the Attempt Count (Ground Seven)

In *Lamb v. Coursey*, 238 Or. App. 647, 652 (2010), the Oregon Court of Appeals held that trial counsel rendered ineffective assistance of counsel by failing to make the "obvious argument" that "because ORS 131.125(2)(d) does not expressly refer to attempt offenses, it simply does not apply." The court reasoned that "[i]f trial counsel had filed a motion to dismiss the attempted rape charge for failure to comply with the three-year statute of limitations under ORS 131.125(6), the charge would have been dismissed." *Lamb*, 238 Or. App. at 656.

Based on this holding, Respondent concedes that Erickson's conviction for Attempted Rape in the First Degree should be vacated. *See* Resp't Resp. to Pet'r's Supp. Mem. (ECF No. 119) at 3, Op. and Order (ECF No. 124) at 18 & n.9. Accordingly, this Court grants habeas relief as to Erickson's conviction for Attempted Rape in the First Degree, as alleged in count eleven in Deschutes County Circuit Court case no. 03FE0823ST.

### 3. Failure to Adequately Argue that the Limitation Period Expired as to Conduct that Occurred in the Spring of 1989 Because A.I. Reported the Abuse to a Utah School Counselor (Ground Eight)

A.I. testified that in 1992 or early 1993 she told a school counselor in Utah about Erickson's sexual abuse. Resp't Ex. 103 at 136, Ex. 104 at 208-10. Based on this testimony, defense counsel moved for a judgment of acquittal, arguing that OR. REV. STAT. § 131.125(2) requires the state to commence a prosecution within six years of a report of the offense to law enforcement or "other governmental agency." Resp't Ex. 105 at 34-40. Counsel effectively

argued that because OR. REV. STAT. § 131.125(2) does not expressly limit the term "other governmental agency" to local agencies, it should extend to "a school district in another state, such as Utah." Resp't Ex. 105 at 39. Counsel concluded that A.I.'s 1992 report of the abuse therefore triggered the six-year statute of limitations and the charges against Erickson were time barred. *Id.* 39-40.

The trial court denied the motion because (1) the limitation period was not triggered until the State of Oregon received the report, (2) a school counselor is not a "governmental agency," and (3) the school counselor "may" have had a confidential obligation not to disclose the communication. *Id.* at 42-44. The court explained that "the key piece here is that . . . this school counselor is not a governmental agency, and if he or she was, they're not a governmental agency in the [S]tate of Oregon." Resp't Ex. 105 at 44.

Erickson argues that had counsel thoroughly examined the relevant law he would have "avoided the trial court's ruling that schools were not 'other governmental agencies'" and discovered that Utah teachers have a duty to disclose under Utah law. Pet'r's Supp. Br. at 5. Erickson relies on the holding in *State v. Walker*, 192 Or. App. 535, 548-49 (2004) that the phrase "other governmental agency" refers to a governmental agency with an obligation to report instances of child abuse under OR. REV. STAT. § 419B.010, including teachers. Pet'r's Br. in Supp. at 12; Pet'r's Supp. Br. at 5. Additionally, Erickson notes that Utah has a mandatory reporting law that would apply to a school counselor. Pet'r's Br. in Supp. at 13, *citing* Utah Code Ann. § 62A-4a-403; Pet'r's Supp. Br. at 5.

Although the court in *Walker* defined "other governmental agency" to include teachers, it did not address the central issue in Erickson's case—whether a report of sexual abuse to a *Utah*

school official, who has no obligation to disclose pursuant to OR. REV. STAT. § 419B.010,

triggers the six-year limitation period when no Oregon official received a report of the abuse.

Erickson offers no case law to support such a broad interpretation of the phrase "other

governmental agency." The fact that Utah has a mandatory reporting statute does not impact the

scope of OR. REV. STAT. § 131.125(2).

Based on the foregoing, Erickson has failed to demonstrate that counsel's performance

fell below an objective standard of reasonableness. On the contrary, defense counsel correctly

anticipated the decision in *Walker* defining "other governmental agency" to include teachers and

argued that the term should be interpreted even more broadly to include out-of-state school

officials. Further, Erickson has failed to demonstrate that there is a reasonable probability that

had counsel more thoroughly researched Oregon and Utah law, the result of the proceeding

would have been different. Accordingly, the Court denies habeas relief on this ground. *See*

*Strickland*, 466 U.S. at 687-88, 694.

### 4. Failure to Seek Dismissal on the Basis that the Statute of Limitations was Triggered in 1990 When State Law Enforcement Received a Report of Abuse (Grounds 4 & 9)

In Erickson's "*pro se*" ground four, he alleges that trial counsel was ineffective with

respect to the "Statute of limitations do [sic] to the case in 1990 with C.S.D. questioning the

victim." Pet'r's Am. Pet. at 4. In his Amended Petition, Erickson alleges under the caption

"Supporting Facts Grounds 6-9" that trial counsel failed to "investigate and argue . . . a prior

'disclosure' A.I. made to a social worker in Oregon." *Id.* at 6.

In support of this ground, Erickson obtained records from the Oregon Department of

Human Services pertaining to a 1990 investigation initiated in response to allegations by

Erickson's stepchildren T.H. and B.H. that Erickson physically and sexually abused them. The

children subsequently recanted the allegations and the criminal prosecution was dismissed. The

documents include CSD records and a sheriff report concerning T.H.'s disclosure of the sexual

abuse and her statements that Erickson also sexually abused A.I. Pet'r's Second Supp. Br., Exs.

1-4. Erickson summarizes this new evidence as follows:

> In November 1990, Mr. Erickson was married to Ronda
> Erickson. She and her children T.H. and B.H. were living with Mr.
> Erickson at a residence off of Elsinore Rd. in Bend. On the 27th,
> T.H. reported to a school teacher or counselor, Mr. Smith, that the
> reason she had bruises and scrapes on her right knee was her father
> kicked her with his boots . . . when she was trying to escape from
> his sexual advances. Mr. Smith contacted Stephanie
> Jernstedt-Cameron, a case worker at CSD in Deschutes County.
> Her intake notes state: *"He [Mr. Erickson] also allegedly sexually
> abused his own daughter and a friend of [T.H.'s]. Brother
> witnessed assault and part of sexual abuse."* At a later interview
> with officer Hirscht of the Deschutes County Sheriff's Office, Ms.
> Jernstedt-Cameron learned additional information that was related
> in the officer's report.

> The sheriff's report states that she reported prior incidents
> of sexual abuse. It also said this:

>> *During Christmas time in 1988, Tom's 6 year old
>> daughter, [A.I.] was visiting from Utah. [T.H.] said
>> that she went into the bedroom and her dad had his
>> pants down and was laying on top of [A.I.]. She did
>> not see what he was actually doing.*

> Mr. Erickson denied the allegations when confronted later that day.
> He also mentioned that he had recently been living with a girlfriend
> Pauline Cottrell and her young children and invited them to talk to
> them about his appropriate behavior around children.

> Ms. Jernstedt-Cameron's notes from the interviews on
> November 27 reflect that she learned the name of Paula Cottrell's
> daughter [C.C.], the name of Mr. Erickson's daughter A.I and
> A.I.'s mother's name and that they lived in Monroe Utah. There is

also a note regarding a Solar Dr. residence associated with "A.I." and "last Spring" and "Sweethome" and "2nd grade." Finally, there is a 1-800 number appearing to be associated with Monroe Utah and an address associated with Pauline Cottrell.

Ms. Jernstedt-Cameron's file (what portion of it was obtained pursuant to the subpoena) reflects that she met with TH at least twice thereafter, on December 19, 1990 and March 28, 1991. There are no notes in the file regarding these meetings and no reports. A [sic] an application for services was made in December pursuant to a meeting she had with just Ronda and it notes that a protective services investigation resulted in petitions being filed in Juvenile Court.

The allegations also led to the county charging Mr. Erickson with criminal offenses related to the T.H.'s allegations in April 1991, after Ms. Jernstedt-Cameron's last meeting with T.H. on March 28, 1991. That criminal case was dismissed, however, on August 21, 1991, after a settlement conference hearing on September 20, 1991. According to Ms. Jernstedt-Cameron's correspondence dated August 26, 1991, "[t]he criminal case was dismissed last week as both the children recanted."

Pet'r's Second Supp. Br. at 2-4 (emphasis added, record citations omitted).

Erickson argues that T.H.'s disclosure of Erickson's abuse of A.I. was sufficient to trigger the statute of limitations. He contends that had trial counsel taken greater investigatory steps, he would have uncovered this information and therefore asserted a complete statute of limitations defense. *Id.* at 11-12.

Under Oregon law, a report of sexual abuse triggers the statute of limitations if it is an "'actual communication of the facts that form the basis for the particular offense reported.'" *State v. Eladem*, 290 Or. App. 212, 217, *rev. denied*, 363 Or. 119 (2018), *quoting State v. Hutchinson*, 176 Or. App. 363, 368 (2001). "[T]he context of the 'report' can matter." *Eladem*, 290 Or. App. at 220. "A report that is 'too vague' or 'ambiguous' as to the specific conduct or the timeframe in

which that conduct occurred is not sufficient to trigger the statute of limitations." *Id.* When a report is made, the state is not on inquiry notice as to facts not reported. *Hutchinson*, 176 Or. App. at 368-69.

This Court concludes that T.H.'s disclosures are ambiguous when considered in context. T.H. recanted her allegations and the criminal prosecution against Erickson was dismissed. There is no evidence that A.I. or her mother confirmed the abuse to Oregon officials after T.H.'s disclosure. On the contrary, A.I. testified at a pretrial hearing that she did not talk to the police when she was a child about Erickson's abuse. Resp't Ex. 103 at 136. A.I. testified that she told her mother, but that she did not believe her. *Id.* Similarly, C.C., Erickson's stepdaughter, testified that she was interviewed in 1990 related to the investigation of T.H.'s allegations, and that she falsely denied being abused by Erickson. Resp't Ex. 103 at 42-43, 173.

Based on this record, Erickson has failed to demonstrate that T.H.'s statements triggered the statute of limitations or that, had trial counsel made a more thorough investigation, he would have discovered evidence to support the assertion that the State of Oregon was aware of allegations that Erickson sexually abused A.I. in 1990. Further, Erickson has failed to demonstrate that counsel's strategic decision to pursue the defense that the limitation period commenced when A.I. disclosed the abuse to the Utah school counselor, rather than based on the 1990 CSD investigation was unreasonable.

Accordingly, Erickson has failed to demonstrate that trial counsel's performance fell below an objective standard of reasonableness, or that there is a reasonable probability that, but for counsel's deficient performance, the result of the proceeding would have been different. *See Benmore*, 788 F.3d at 1169 (holding that when claim is that counsel failed to adequately

investigate a defense, a petitioner must demonstrate a reasonable probability that counsel would have made a different decision had he investigated, and a reasonable probability that the different decision would have altered the outcome).

## III.    Actual Innocence (Ground Ten)

Erickson asserts his actual innocence in two respects. First, he contends that he has made a "colorable showing" of actual innocence sufficient to excuse the procedural default of ground one (failure to disclose exculpatory evidence). Pet'r's Sur-Reply (ECF No. 176) at 8. Second, he alleges a "freestanding" claim of actual innocence based on his contention that "he had amnesty from prosecution, conviction and punishment because the applicable statute of limitations had expired prior to the state's filing of the charges." Pet'r's Supp. Br. at 6. Erickson's argument fails in both respects.

### A.    Colorable Showing of Actual Innocence to Overcome Procedural Default

A colorable claim of actual innocence serves as a gateway though which a petitioner may pass to overcome a procedural default. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). "[T]enable actual-innocence gateway pleas are rare." *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In order to make a colorable claim of actual innocence, a petitioner must present new, reliable evidence to prove that "'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *Id.* at 395 (quoting *Schlup*, 513 U.S. at 329). "'To be credible, such a claim requires [the] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eye-witness accounts, or critical physical evidence—that was not presented at trial.'" *Cook v. Schriro*, 538 F.3d 1000, 1028 (9th Cir. 2008) (*quoting Schlup*, 513 U.S. at 324).

Erickson does not allege that he is factually innocent of the offenses against A.I. Rather, he alleges that the prosecution was time barred. Hence, his argument is one of "legal innocence" not "factual innocence." Moreover, as discussed above, he has failed to demonstrate that the prosecution was time barred. Accordingly, he has failed to satisfy the gateway showing under *Schlup* necessary to overcome his procedural default.

## B.       Freestanding Claim of Actual Innocence

The Supreme Court has yet to hold that a freestanding claim of actual innocence is cognizable as an Eighth or Fourteenth Amendment claim in a federal habeas proceeding. *McQuiggin*, 133 S.Ct. at 1931; *House*, 547 U.S. at 554-55; *Jones*, 763 F.3d at 1246. However, on several occasions both the Supreme Court and the Ninth Circuit have assumed, without deciding, that such a claim may exist. *House*, 547 U.S. 554-55; *Herrera v. Collins*, 506 U.S. 390, 417-19 & 427 (1993); *Jones*, 763 F.3d at 1246; *see also Roberts v. Howton*, 13 F.Supp.3d 1077, 1113 (D.Or. 2014) (collecting cases). In so doing, the courts have opined that a petitioner must "'go beyond demonstrating doubt about his guilt, and must affirmatively prove that he is probably innocent.'" *Jones*, 763 F.3d at 1246 (*quoting Carriger v. Stewart*, 132 F.3d 463, 476 (9th Cir. 1997)); *see also House*, 547 U.S. at 555 (Supreme Court precedent implies that freestanding claim of actual innocence requires more convincing proof of innocence than *Schlup*).

As discussed above, Erickson has failed to make a colorable showing of actual innocence. For the same reasons, Erickson has failed to establish a freestanding claim of actual innocence. Accordingly, habeas relief is not warranted.

///

///

## CONCLUSION

Based on the foregoing, this Court GRANTS Erickson's Amended Petition (ECF No. 126) as to ground seven only (ineffective assistance of counsel for failing to argue that the applicable limitation period had expired on the charge of Attempted Rape in the First Degree). This Court VACATES Erickson's conviction only for Attempted Rape in the First Degree, as alleged in count eleven of the indictment in Deschutes County Circuit Court case no. 03FE0823ST. This Court DENIES Erickson's Amended Petition (ECF No. 126) as to all remaining grounds.

This Court GRANTS a certificate of appealability as to Erickson's statute-of-limitation-based ineffective assistance of trial counsel claims.

**IT IS SO ORDERED.**

DATED this __7th__ day of January, 2020.

Karin J. Immergut
United States District Judge